109 So.2d 525

James Dewey POWELL

v.

STATE.

8 Div. 435.

Court of Appeals of Alabama.

Feb. 17, 1959.

Scruggs & Scruggs, Guntersville, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Powell was indicted for second degree murder in killing Bobby Ray Ward with an automobile.

A petty jury of the Circuit Court of Jackson County found him guilty of manslaughter in the first degree and fixed his punishment at four years' imprisonment. He has appealed from the judgment conforming to this verdict, and from the denial of his motion for a new trial.

Powell and a friend of his named "Hard Rock" Waller, had taken off for the day to visit in South Pittsburgh, Tennessee, and there met up in the Bama Club with Bobby Ray Ward, a cousin, Billy Ward, Charles Carlton, and Mrs. Betty Owen.

The group made a side trip to Chattanooga to escort Mary Smith with them back to the Bama Club.

Some time during the course of the night, the bartender and bouncer at the Bama Club asked several of the party out for rowdiness. Thereupon, in a few minutes, all got in Waller's automobile. Powell was driving because of Waller's inability. Their course took them southwestward into Alabama along U. S. Highway 72.

Beyond Stevenson, Alabama, Powell drove off the main highway into a side road and stopped. Fighting broke out, and while the erstwhile fellow passengers were out on the roadside quarreling, Powell clambered back in the automobile and drove off to the north. Soon he came back along the same road going about forty-five miles an hour when, according to the State's evidence, he ran into Bobby Ray Ward, who was walking along the side of the road, killing him instantly.

Powell's contention was that he did not see Bobby Ray Ward in his path; that, though he felt some bump in the road before he came upon the group, he did not know in anywise that he had struck the deceased.

The State adduced proof that, after his arrest and while in jail, Powell made the statement, "He ought to have run over the whole damn bunch."

The sole question argued is prejudice by means of photographs of Ward dead. Exhibit 3 is his head showing a bulge on the left side of his neck—he died of a broken neck. Exhibit 4 shows his torso with an abraded spot on the left side of his abdomen just above the pelvic area.

■ Mere gruesomeness in an otherwise relevant piece of evidence which is undistorted is not prejudicial so as to require reversal. The truth may often take unpalatable form. Grissett v. State, 241 Ala. 343, 2 So.2d 399.

■ Counsel for Powell would avoid the effect of the foregoing by pointing out that, during the examination of Robert Johnson

(the Assistant State Toxicologist who performed the post mortem examination and took the photographs in question), it was admitted, "There is no question as to the location or extent of the wounds."

The trial judge pointed out that Mr. Johnson already had identified Exhibit 3. Thereafter, Exhibit 4 was identified and introduced over objection that the State's sole purpose was "to inflame the minds of the jury," and the defendant assigned the same grounds given to preclude Exhibit 3.

Powell cites cases of error in introducing bloodstained clothing not relevant to the issues, e. g., Kabase v. State, 31 Ala. App. 77, 12 So.2d 758. Also he points us to State v. Jones, 201 S.C. 403, 23 S.E.2d 387, 390, where we find:

"* * * When one of defendant's counsel objected to the introduction of these pictures he stated positively: 'The defendant admits the killing;' and further contended that the pictures were introduced for the purpose of inflaming the minds of the jurors and had no material bearing on the case. It is indeed quite clear from reading the testimony of this doctor, who explained the location and nature of the fatal wounds, that the photographs had no probative value whatever, and really added nothing to the oral testimony, although their influence would naturally be prejudicial to the defendant. Our conclusion is that they were erroneously admitted in evidence under the facts and circumstances of this case."

Our Alabama rule is derived from Boyette v. State, 215 Ala. 472, 110 So. 812, where the court was dealing with clothes not covering the wounds. We do not think the facts pertinent there imply a rule which would extend to the instant photograph (Exhibit 4) which undoubtedly shows better than words the location and extent of the impact of Powell's car on Ward's body.

We consider that the foregoing admission was not broad enough to operate as a stipulation of all issues on which the picture bore, e. g., identification. The State was entitled to prove its case: Exhibit 4 being admissible within the strictures of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, the unilateral act of the defendant could not keep it from the jury without the State's consent.

The Oregon court, in State v. Leland, 190 Or. 598, 227 P.2d 785, 799, says—about cumulative evidence with inflammatory side-effects:

"As long as the * * * plea of not guilty stood, the state had the right to prove its case up to the hilt and to choose its own way of doing so [citing cases], subject only to the rules of evidence and the standard of fair play * * *"

See also Jackson v. State, 260 Ala. 641, 71 So.2d 825, Nichols v. State, 267 Ala. 217, 100 So.2d 750, State v. Robinson, 201 S.C. 230, 22 S.E.2d 587, Smith v. State, 216 Ark. 1, 223 S.W.2d 1011, and Annotation 91 A.L. R. 1478.

We have reviewed the entire record, considered all questions raised by the admission or exclusion of evidence, the charges refused the defendant, all grounds of the motion for a new trial, and conclude that the only question presented for our review was the sufficiency of the evidence to establish voluntary manslaughter.

The State's evidence made a prima facie case from which the jury could reasonably have become convinced beyond a reasonable doubt of Powell's guilt.

We consider the trial below was free of any error to the probable prejudice of any of Powell's substantial rights, and that the judgment of the circuit court is due to be

Affirmed.