206 So.2d 585

**Marvin MAYBERRY**

v.

**STATE of Alabama.**

**6 Div. 502.**

Supreme Court of Alabama.

Jan. 11, 1968.

Wm. T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant appeals from conviction for rape and a sentence that he be imprisoned in the penitentiary for ninety-nine years, all according to the verdict of a jury.

The court found defendant to be unable to employ counsel and appointed counsel for defendant on February 28, 1967. On March 21, 1967, defendant, being represented by his counsel, was duly arraigned and his trial set for May 15, 1967. He was tried by jury May 16, 1967. Defendant gave notice of appeal, counsel was appointed to represent defendant on appeal, and the court ordered that a transcript be furnished without cost to defendant.

The evidence for the state tends to show that prosecutrix and her husband were liv-

**,574**

ing in a trailer; that she returned home from work after 4:00 o'clock in the afternoon on November 6, 1965; that she then went to the grocery store and to her landlady's house and returned home; that prosecutrix went into the bedroom and defendant was there with a long knife in his hand; that defendant grabbed her and she screamed; that defendant said: "If you don't shut your mouth, I will kill you"; that defendant cut her hand and her neck; that she had thirteen stitches in her neck to sew up the wound; that defendant forced prosecutrix to put her blouse over her face and pushed her on the bed; that defendant told prosecutrix to take her "panties" off and said: "Take your panties off, or I will kill you," and she did; that defendant inserted his private parts into her private parts; that defendant said: "If you don't open up your legs, I will kill you"; that she made a complaint; that she saw defendant two or three days later when he was arrested; that prosecutrix knew defendant by the name, "Marvin," and had seen him several times prior to the assault and they usually caught the same bus going to work.

Defendant testified that he did not know prosecutrix, but did know her husband; that he had never been in their house; and that he did not stab or rape prosecutrix.

■ On cross-examination, defendant testified that he had previously been convicted for "larceny from the person," for "cutting to kill," and for "shooting with intent to kill." The court instructed the jury that evidence of defendant's conviction for crimes involving moral turpitude was admitted for the sole purpose of determining how much weight to give his testimony as a witness.

■ A defendant, who testifies for himself as a witness, may be impeached in the same manner as other witnesses by showing that he has been convicted of crime involving moral turpitude. Carpenter v. State, 193 Ala. 51, 53, 69 So. 531; Johnson v. State, 265 Ala. 360, 364, 91 So.2d 476.

 The conflicting evidence presented a question for the jury on the issue of defendant's guilt. The court fairly charged the jury on the law of the case and defendant's counsel announced: "Satisfied, Your Honor," at the conclusion of the oral charge.

As enjoined by statute, we have considered all questions apparent on the record or reserved as shown by the transcript of evidence and are of opinion that error does not appear and that the judgment must be affirmed. Title 15, § 389, Code 1940.

Affirmed.

SIMPSON, MERRILL, and HARWOOD, JJ., concur.