270 So.2d 685

Larry Lee CLARIDY, alias

v.

STATE.

5 Div. 140.

Court of Criminal Appeals of Alabama.

Dec. 12, 1972.

James Noel Baker, Opelika, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant was charged, tried, and convicted of an assault and battery in Lee County on Ralph H. Cottingham, a State Trooper. The Jury declined to assess a fine and the court sentenced the appellant to imprisonment in jail for a term of one year.

Although no motion to exclude the evidence, request for the affirmative charge, or motion for a new trial was filed in this case making it unnecessary to set out and pass upon the sufficiency of the evidence to support the verdict, the court is of the opinion that it is necessary to set out certain phases of the testimony as a background for a ruling on the appellant's insistence of error.

State witnesses Cottingham and Knight, State Troopers, testified that on the night of January 9, 1971, somewhere near 12 o'clock, they were patrolling in a southerly direction on County Road 87 in Lee County and were following an automobile headed in the same direction; that a black Plymouth automobile headed northward swerved to the wrong side of the road and almost hit the car they were following, forcing it to leave the highway to avoid a collision, and that the troopers immediately turned the patrol car around and gave chase to the black Plymouth; that they turned on their siren and blue light and followed the black Plymouth at high rates of speed until it turned off Road 87 to County Road 89 and that they chased the black Plymouth along 89 for approximately two miles when it swerved to the left side

of the road and back to the right and stopped; that as soon as it stopped someone jumped out of the right side of the Plymouth and ran into the woods, making his escape, but that the appellant quickly came out of the left side of the Plymouth, one of the troopers testifying that he saw him reach from inside the door on the left side and turn the outside door handle; that he got out and that he also ran into the woods with both troopers giving chase; that in leaving the black Plymouth he came around to the front of the car as he headed for the woods and underbrush and that Trooper Knight apparently failed to locate him in the woods but Trooper Cottingham did tackle him and they engaged in a scuffle in the vines, briars, and underbrush with Trooper Cottingham testifying that he was hit several hard blows in the front part of his body, in attempting to hold on to the appellant, and that at one time he thought he had been cut on the side in the scuffle; that as he and appellant rolled away from each other, when he thought he had been cut, he drew his gun and fired. The shot took effect in the right leg of appellant; that about this time Trooper Knight shone a light upon both of them and after examining Cottingham and finding no knife wound, he formally placed appellant under arrest; that the whole affair lasted some seven or eight minutes from beginning to end.

The appellant strenuously insists that the court was in error in allowing the testimony with regard to what happened from the time the black Plymouth was sighted until the chase was ended, the said testimony not being a part of the res gestae and being prejudicial to the rights of the appellant.

The breadth and scope of the testimony which may be legally introduced to prove a given central event of a crime, loosely called the res gestae, has been the subject of much comment by the Appellate Courts of Alabama. In the case at bar the State and the appellant have cited some of the leading cases on this subject.

In the case of Levene v. State, 26 Ala. App. 428, 161 So. 268, cited by both, the matter is defined as follows:

"Res gestae is a matter incident to the main fact and explanatory of it, including acts and words which are so closely connected therewith as to constitute a part of the transaction, without knowledge of which the main fact might not be properly understood; they are instinctive words and acts of the participants immediately prior to the main fact and leading up to and explanatory thereof."

In Sexton v. State, 239 Ala. 287, 196 So. 744, a case based upon drunken driving and in Roan v. State, 225 Ala. 428, 143 So. 454, a homicide, the Supreme Court characterizes the term as follows:

"It embraces all facts which are relevant, explanatory, or illustrative of, or which give character to, or illustrate the character of, or which characterize the act or principal fact which was the subject of or for decision. Roan v. State, 225 Ala. 428, 143 So. 454."

There is a kindred ruling bearing upon the same principle that the court has long recognized which is stated in Willingham v. State, 261 Ala. 454, 74 So.2d 241 as follows:

"The acts, declarations, and demeanor of an accused, before or after the offense, whether a part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him."

■ It appears to the court that the purpose of the introduction of testimony under the res gestae ruling strictly, or under the rule in *Willingham*, supra, is to shed some light, weak though it may be in some cases, on the issues in the case and to help the jury to determine the cause, motivation or other circumstances which may have played a part in bringing on a transaction or explaining it after it was over.

■ In the case at bar we think the evidence was admissible as tending to show the motive which the appellant may have had for his actions in this cause and sheds some light on the main issue, if believed by the jury, and to characterize his position with regard to submitting to arrest. Authorities, supra.

■ In brief appellant suggests that this case should be considered along with another case pending on appeal in the Fifth Division of this court in which the appellant contends he was not driving. We are bound by the record before us and there is affirmative testimony from which the jury could conclude the defendant was driving the black Plymouth and there was no denial specifically from him that he was driving, or affirmation that Joe Stafford was. His testimony was simply that he was riding in the car. At any rate this appeal must be decided upon its own merits rather than some pending case.

The appellant further claims that the court committed reversible error in allowing the testimony adduced by the State on cross-examination of appellant that he and Joe Stafford had been at the American Legion Club in Phenix City from about 9 until about 11 o'clock on the night of this occurrence and that they were drinking some during that time. The actual question objected to was, "Isn't it a fact that ya'll had been down to the American Legion Club in Phenix City from about 9:30 until about midnight?" Objection was overruled. Then followed a series of questions and answers with regard to his drinking during this time, with Joe Stafford. No objections were interposed or rulings made by the court on any of these questions.

■ We do not consider the question objected to and overruled by the court as injurious to the substantial rights of appellant even if inadmissible generally.

■ The failure to object to the remaining evidence with regard to the drinking on the occasion waived any error in its ad-

mission. See cases collected in Alabama Digest, Criminal Law, Volume 6A, ☞698(1).

Further, review on appeal by Appellate Courts is limited to matters upon which action or ruling at nisi prius was invoked. Madison v. State, 32 Ala.App. 617, 28 So.2d 927; Alabama Digest, Criminal Law, Volume 7, ☞1030(1). No error was committed by the court with respect to this contention of appellant.

A careful review of the record in this case, including the two refused written charges requested by the appellant reveals no error affecting the substantial rights of the appellant and the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.