288 So.2d 446

John Louis **PATTERSON**

v.

**STATE.**

**2 Div. 124.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

**660**

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Chestnut, Sanders & Sanders, Selma, for appellant.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of rape and sentenced to imprisonment for life.

After the verdict he filed a motion for a new trial which was overruled by the court.

The testimony, which was voluminous, presented a sharp conflict between that offered by the State tending to show the guilt of appellant and that offered by the appellant in which he denied guilt and attempted to set up an alibi. By his testimony and that of his witnesses he accounted for his presence at his home or the home of his relatives during the span of time the State's prosecuting witness contended she was assaulted and raped.

■ The appellant objected strenuously to being put to trial and asked that the trial be continued for several reasons. One of the reasons argued in brief was that the venire from which the appellant was required to strike his jury did not contain a representative number of blacks and that the district attorney had intentionally contrived to exhaust the number of blacks on the general venire in the next case immediately preceding the case of appellant. The entire venire for the week contained 99 jurors of which 37 were blacks. It further appears in striking the jury for the case at bar the appellant's attorney had struck one black from the list.

This situation was partly shown by the record, but the argument in regard to the action of the district attorney was not supported by any evidence offered on appellant's motion. It was merely made by way of statement by the attorney to the court.

The further objection that appellant's counsel were not prepared because another person had recently been arrested and charged with this crime, was made in counsel's argument for a continuance. This contention was not supported by any evidence, but merely by way of observation of counsel.

It is a familiar principle of law which needs no citation of authority that a matter of continuance of a criminal case is addressed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a showing of abuse of discretion.

Both counsel for the State and appellant cite the case of Swain v. Alabama, 380 U. S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (which was in that court on appeal from Swain v. State, 275 Ala. 508, 156 So.2d 368) as shedding light on the question of racial discrimination in a selection of a jury from which members of the defendant's race have been excluded. This is more or less a landmark decision on the question of violation of the equal protection clauses of the Constitution of Alabama and the United States. The Supreme Court of the United States in *Swain* affirmed the decision of the Alabama Supreme Court, supra, and the principles laid down in Swain v. Alabama, supra, are still the law. The procedure with regard to jury selection in *Swain* differs materially from the case at bar. In *Swain* there was evidence offered of exclusion of jurors from the jury panel while in the case at bar there was no motion to quash the venire nor evidence offered tending to show systematic exclusion of blacks. The argument appears to have been made after the selection of the jury for the purpose of making a further effort to have the case continued. We may observe that under the holdings in these cases it is not required that either "the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." Further examination of the law along this line is not necessary in the case at bar, and it is enough in our opinion to say that the court did not abuse its discretion in overruling the motion for a continuance.

■ It is further contended that the trial court committed reversible error in refusing to allow the resignation of defense counsel because of an alleged conflict of interest which was made known to the court at trial. Again both parties to the case cite 7 C.J.S. Attorney and Client § 110. A careful study of this authority along with the case of Howard et al v. McCarson, 215 Ala. 251, 110 So. 296, convinces this court that no error was commit-

ted by the trial court in denying the appellant's attorneys the right to withdraw under the circumstances.

It does not appear that they had the consent of the client or the court to withdraw at the particular time the request was made. This matter must necessarily rest in large degree in the trial court's discretion, and we see no abuse of that discretion here and no error on the part of the trial court appears in its ruling.

It is urged in appellant's brief that the court erred to a reversal in admitting certain evidence of an alleged inculpatory statement of appellant made to detectives at the time of his arrest, but before being advised of his Miranda rights. This contention is based on the following testimony of State witness Hardy, as shown by the record:

"Q (By Mr. Faile, continuing:) Let me ask you this. Did (Prosecutrix) sign an affidavit on the Defendant for rape at that time?

"A Yes, sir; she did.

"Q And what did you do then, if anything?

"A Lt. Bobo and I immediately proceeded to Brown Drug Store on the intersection of First Avenue and Broad Street.

"Q Let me interrupt. Any particular reason why you went to Brown Drug Store?

"A Yes, he was employed there at the drug store and we knew it.

"Q You said, 'he,' is that the Defendant?

"A The Defendant in this case, John Louis Patterson.

"Q All right. You say you went to the drug store. Approximately what time did you go to the drug store?

"A Approximately two-thirty.

"Q All right, sir. What happened when you arrived at the drug store, if anything?

"A We called the Defendant out, he was in the back supply room there and just immediately inside the door and we identified ourselves to him and Lt. Bobo told him that he had a warrant for his arrest on the charge of rape.

"Q All right, sir. What happened then, if anything?

"A He didn't say anything immediately and Lt. Bobo then asked him, 'John you know what this is about, don't you?' And he dropped his head and said, 'Yes, sir.'

"Q All right. Was the Defendant carried to jail at that time?

"A Yes, sir."

On cross-examination

"A He was inside when we walked in the store standing in an open doorway.

"Q In an open doorway? And y'all walked up to him?

"A Yes.

"Q And what were your words?

"A We told him that we were Lt. Bobo and Detective Hardy of the Selma Police Department and we had a warrant for his arrest.

"Q. And what did he say?

"A Nothing."

It is readily apparent no objection was made to the testimony complained of by appellant.

When testimony is admitted in the trial court without any objection made to its admissibility, there is nothing reserved for consideration by this court on appeal, and the appellant can take no advantage of

it here. Claridy v. State, 49 Ala.App. 254, 270 So.2d 685; Walker v. State, 265 Ala. 233, 90 So.2d 221.

 It appears that in Exhibit I introduced by the appellant, an offer was made him to take a lie detector test. This matter was first introduced in the case by appellant as part of the statement contained in his exhibit. The district attorney on cross-examination of appellant asked whether or not such a test had been taken by him. The court sustained the objection thereto, but the appellant argues that even so, his rights were prejudiced before the jury by the question of the district attorney with regard to the matter. It is true that the result of such a test is inadmissible in a trial but under the circumstances in this case, wherein the matter was interjected by the appellant, we do not think the asking of the question by the district attorney was so prejudicial to the substantial rights of appellant to cause a reversal.

 The appellant further objected to testimony given by State witness, Mrs. Cynthia Gould, that she had met the appellant on a street in Selma shortly before the incident complained of and had a conversation with him about more or less inconsequential matters. It seems that he had worked for her family, had known her but had not seen her for quite awhile. During the conversation she testified that she believed she told him she had lived at 2112 Royal Street, the address of the prosecuting witness in this case.

The appellant urges that this testimony was highly prejudicial to his case, and that the prejudice far out-weighed any probative value that it may have had.

It seems to be the rule in this State that a fact is admissible into evidence if it has probative value on a proven matter even though the value is slight. Law of Evidence in Alabama, J. Russell McElroy, Vol. 1, p. 16, § 21.01(2). We cannot say this evidence had no probative value at all, and if it did, the weight of the testimony is a matter for the jury after the court in its discretion allowed the evidence to be introduced.

We further think it well to call attention to the application of Supreme Court Rule 45, if it be assumed that the court was in error in admitting this evidence. At any rate we hold that there was no error of a reversible nature in the action of the court complained of.

No error of a reversible nature appearing in the record, this case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.