296 So.2d 753

**Willie James JACKSON**

v.

**STATE.**

**3 Div. 264.**

Court of Criminal Appeals of Alabama.

June 25, 1974.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of burglary in the second degree and was sentenced to nine (9) years in the penitentiary. At arraignment and trial, he was represented by counsel of his choice. His plea was not guilty. After conviction he was determined to be indigent and a free transcript was furnished him. Trial counsel was appointed to represent him on appeal.

On the night of September 8, 1973, the Sunday School building of the Oak Park Presbyterian Church located at 1615 Mulberry Street, Montgomery, Alabama, was broken into and entered. An eye witness living next door to this building observed two black men approach the rear of the building and saw one of them start removing bolts and screws in a window air conditioning unit. This witness called the Police Department and reported that a burglary was in progress. He went to a window of his home and saw appellant still working around the unit. He did not see

the other man at that point. He told his wife to call the Police Department to dispatch a car immediately. He got his pistol and walked out of his home and squatted near a fence to better observe the scene. He saw the other man come out of the door of the building and go to where appellant was working around the air conditioning unit. Both men started walking away from the building and they had taken only a few steps when the police arrived and placed them in custody. This witness made a positive in-court identification of appellant as one of the burglars.

The officers found a screw driver and a pair of pliers near a tree close to the building. There was no attempt to introduce these tools in evidence. The evidence for the state showed that entrance into the building was accomplished by breaking the glass in a window near the window latch and the door to the building was opened from the inside.

Appellant and his co-defendant testified at appellant's trial. In sum, they denied they had anything to do with the burglary of this Sunday School building and had never attempted to remove the air conditioning unit from the building. They both claimed they just happened to be near this building when the officers accosted them. Furthermore, they said they were not walking away from the building but were just standing around when the officers arrested them. Each claimed he did not own or have in his possession or under his control a screw driver or a pair of pliers. In short they just happened to be at the wrong place at the wrong time. The state did not call appellant's confederate as a witness and, thus, we are not confronted with the law governing corroborative evidence of an accomplice.

■ The constituent elements of second degree burglary are: (1) breaking and (2) entering (3) with intent to steal or to commit a felony. Behel v. State, 40 Ala.App. 689, 122 So.2d 537; Livingston v. State, 44 Ala.App. 559, 216 So.2d 731.

■ To constitute burglary, it is not necessary that a theft be actually committed. Waid v. State, 39 Ala.App. 255, 97 So.2d 598; Wicks v. State, 44 Ala. 398.

■ Whether one gains or profits from the burglary is of no significance. Davis v. State, 283 Ala. 686, 220 So.2d 860.

■ There was no motion to exclude the state's evidence nor was there a request for the affirmative charge. No motion for a new trial was made and no exceptions were reserved to the oral charge. In this posture of the case, nothing is presented for review by this court. Eady v. State, 48 Ala.App. 726, 267 So.2d 516.

Affirmed.

ALMON, TYSON, and DECARLO, JJ., concur.

CATES, P. J., not sitting.