328 So.2d 640

**Jackie Lee FARRIS**

v.

**STATE.**

**6 Div. 878.**

Court of Criminal Appeals of Alabama.

March 9, 1976.

Judith S. Crittenden, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

CATES, Presiding Judge.

This is an appeal from a conviction of first degree murder for killing Gordon D. Zuck with an iron bar.[1] The jury fixed Farris's sentence at life imprisonment.

■ The appellant objected to the State's introduction of a color photograph which depicted the victim's unsightly remains, i. e., massive head wounds. The appellant argued that the photograph was introduced solely to create bias and inflame the minds of the jury. The tests for the admission of a photograph in a criminal case are that photographs must tend to prove or disprove some disputed or material issue, or to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered. *Baldwin v. State*, 282 Ala. 653 (hn. #1), 213 So.2d 819.

■ Likewise, photographs of the scene are admissible in evidence that the jury may get a correct idea of the entire surroundings. *Pilley v. State*, 247 Ala. 523, 25 So.2d 57; *Blue v. State*, 246 Ala. 73, 19 So.2d 11.

■ The colored photograph in question is clearly ghastly; but, gruesomeness is no grounds for excluding this type of evidence, if relevant. *McKee v. State*, 33 Ala.App. 171, 31 So.2d 656. The fact that such evidence is merely cumulative of detailed oral testimony does not affect its admissibility. *Wilson v. State*, 31 Ala. App. 21, 11 So.2d 563. This photograph was properly admitted into evidence notwithstanding the unpleasant subject matter. We cannot, and should not, gloss

over the fact that violent death is itself loathsome. See *Baldwin*, supra.

In *Powell v. State*, 40 Ala.App. 148, 109 So.2d 525, defense counsel sought to head off the State's using a gruesome but relevant photograph. The manoeuvre employed was making a unilateral admission, "There is no question as to the location or extent of the wounds."

The former Court of Appeals rejected the thrust of *State v. Jones*, 201 S.C. 403, 23 S.E.2d 387, that such an admission obviates the need for further evidence. The Court then cited *State v. Leland*, 190 Or. 598, 227 P.2d 785, that the prosecution, subject only to the rules of evidence and standards of fair play, is entitled and wellnigh obliged "to prove its case up to the hilt and to choose its own way of doing so * * *."

That the evidentiary character of the photograph was cumulative merely does not render it inadmissible. *Reedy v. State*, 246 Ala. 363, 20 So.2d 528.

The photograph here admitted saved many words of description. That it reinforced the testimony against the defendant was within the scope of the risk he ran in his enterprise.

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate; [T. 7, § 767]

b) The court reporter's certificate;

c) The statement of the organization of the court; (former Sup.Ct.R. 52)

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, twelve jurors, empanelling and swearing of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);

1. See the companion appeals of *Richard Zuck* (6 Div. 794, October 1, 1975) 57 Ala.App. 15, 325 So.2d 531, and *Ruth Zuck* (6 Div. 860, February 3, 1976) 58 Ala.App. ——, 331 So.2d 777.

f) Proceedings on the motion for new trial, if any; and

g) Each ruling of the trial judge adverse to the appellant—Rule A, Ct.Cr.App. —49 AA XXI and Rule 28(a)(7) ARAP.

From this the judgment below is

AFFIRMED.

All the Judges concur.