331 So.2d 406

Anderson HUNTER, alias

v.

STATE.

3 Div. 506.

Court of Criminal Appeals of Alabama.

April 20, 1976.

Donald V. Watkins, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant, represented by court-appointed counsel at arraignment and trial, was convicted for the offense of possession of a pistol after having been convicted of a crime of violence. At arraignment he pleaded not guilty and not guilty by reason of insanity. At the time sentence was imposed, the Court told appellant he had in mind a three-year sentence in the penitentiary but noted that he had been in jail six months awaiting trial and that he was due credit for this time. The Court sentenced appellant to thirty months in the penitentiary. Appellant is in this Court with a free transcript and trial counsel was appointed to represent him on appeal.

Detective H. C. Norton of the Montgomery Police Department testified that on the night of January 18, 1975, he came into possession of a .38 caliber Smith and Wesson revolver from Police Officers Frank Robinson and Roy L. Nix. At the time he received the pistol there were three spent cartridges and two live ones in the pistol. He stated that the pistol and bullets had been in his exclusive possession from the time he received them until he produced

them in Court at appellant's trial. Over appellant's objections the pistol was admitted in evidence as State's Exhibit No. 1, and the bullets were admitted as State's Exhibit No. 2.

Officer Robinson testified that he and his partner were on patrol duty and while traveling near Monroe and Lawrence Streets, he heard what sounded like gunshots and observed two black males running from the scene and further observed appellant standing in front of a telephone booth with a pistol. He identified State's Exhibit No. 1 as the pistol in appellant's possession on January 18, 1975.

On cross-examination he stated he saw appellant throw the pistol down as the patrol car approached him. Appellant was placed under arrest for discharging a firearm and not having a pistol permit.

Officer Roy L. Nix testified that on the night of January 18, 1975, he was on patrol with Officer Robinson and saw appellant in the vicinity of Monroe and Lawrence Streets in Montgomery. He stated he heard a gunshot and saw appellant drop a pistol and begin to leave the scene. Upon examination of the pistol he found three spent shells and two unspent shells. This witness also identified the pistol and bullets introduced in evidence by the State.

Mrs. Pauline C. Eubanks, Clerk of the Circuit Court of Montgomery County, was called as a witness for the State. She testified that as Circuit Clerk she was the custodian of the records in the Clerk's Office. She produced a certified copy of a judgment of conviction against appellant for assault with intent to murder prior to indictment and conviction in this case. Over appellant's objection this certified copy of a prior felony conviction was admitted in evidence.

James Floyd testified for appellant. According to his testimony he was with ap-

pellant on the night in question and that he did not see appellant with a pistol at any time during the afternoon and night of January 18, 1975.

Appellant testified and denied owning or possessing the pistol and bullets presented as evidence by the State.

On cross-examination he admitted that he was one and the same Anderson Hunter who was named in State's Exhibit No. 3, being a certified copy of a judgment of conviction for assault with intent to murder. He further admitted that in 1968 and 1970 he was convicted for the possession of a pistol after a prior conviction of a crime of violence, and that in 1968 he was sentenced to 18 months in the penitentiary and that he got 20 months for the 1970 conviction.

▇ There was no error in the admission of the certified copy of the judgment of conviction of appellant for assault with intent to murder. Prior convictions can be shown by Court records, or by certified copies of such records, or by the testimony of the convict himself. *Smothers v. State,* 39 Ala.App. 292, 98 So.2d 66.

▇ A defendant who testifies for himself as a witness, may be impeached in the same manner as other witnesses by showing that he has been convicted of a crime involving moral turpitude. *Mayberry v. State,* 281 Ala. 573, 206 So.2d 585; *Muse v. State,* 29 Ala.App. 271, 196 So. 148.

▇ Conflicting evidence presented a question for the jury on the issue of defendant's guilt. *Mayberry v. State,* supra; *Jones v. State,* 55 Ala.App. 466, 316 So.2d 713.

▇ There was no motion to exclude the State's evidence; there was no motion for a new trial; there was no request for the affirmative charge; and no exceptions were reserved to the Court's oral charge to

the jury. In this state of the record nothing is presented for review by this Court. *Jones v. State*, supra; *Eady v. State*, 48 Ala.App. 726, 267 So.2d 516; *Jackson v. State*, 52 Ala.App. 667, 296 So.2d 753.

We find no reversible error in the record and the judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.