BOOKOUT, Judge.
Driving while intoxicated; sentence: five hundred dollar fine.
On May 5, 1974, the appellant’s pickup truck left Ware’s Ferry Road, struck an embankment, and overturned. The appellant suffered various painful injuries. He testified that he had a bottle of bourbon with him and that he drank some of the bourbon after the wreck to relieve the pain.
A State’s witness, John Wesley McCloud, testified that he saw the wreck, that he was approximately one hundred feet from the wreck when it occurred and that he assisted the appellant out of the pickup truck. He stated that he observed the appellant from the time of the wreck until State Trooper William L. Fletcher arrived at the scene. McCloud stated that he did not see the appellant take a drink during that period of time.
Lt. Fletcher, upon arrival, found a half-full bottle of bourbon near the truck. He stated in effect that the appellant exhibited the classical signs of being under the influence of alcohol and that a P.E.I. (photoelectric intoximeter) test was administered to the appellant. The results of the test revealed an alcohol reading of .17 (.10 constituting a rebuttable presumption of intoxication).
I
The appellant contends the results of the P.E.I. test should have been excluded because a proper predicate was not laid for its introduction. No objection was made to the introduction into evidence of the fact that the test was given nor to the results of the test. Absent an objection and a ruling thereon, we have nothing to review. Patterson v. State, 51 Ala.App. 659, 288 So.2d 446 (1974).
II
The appellant contends that there is a conflict between Title 36, § 2 and Title 36, § 68, Code of Alabama 1940 (Recompiled 1958) as to who shall have the authority to revoke a driver’s license for the offense of D.W.I. This is an appeal from a conviction for D.W.I., and the revocation of a driver’s license is not an issue in this case.
Appellant also contends that Title 36, § 154, is void for vagueness. According to the appellant, the statute is unclear as to whether one who refuses to submit to a P.E.I. examination will lose his driver’s license for forty-five or ninety days. The *967 issue of revocation of driver’s license is not a proper subject for review on a criminal appeal, and furthermore since appellant submitted to the P.E.I. test, he has no standing to question the sanctions which could be taken against one who refuses to submit to the test.
Appellant makes an additional novel argument that the Act providing for the chemical test for intoxication is a “bill of attainder” because it authorizes the Director of Public Safety to impose penalties without judicial review. Again, appellant attempts to raise an issue which is not properly before this Court on a criminal appeal.
Ill
The appellant’s final contention is that the State failed to show that he did not have access to alcohol after the accident.
John Wesley McCloud testified that he observed the appellant from moments just prior to the wreck until Lt. Fletcher arrived on the scene and took custody of the appellant. He stated that he did not see the appellant with any alcohol, much less see him drinking. From that evidence, the jury was justified in finding that the appellant did his drinking before the wreck, and thus was guilty of driving while intoxicated.
AFFIRMED.
All the Judges concur.