The indictment returned by the grand jury of Montgomery County charged Reginald Reese Robinson, alias Maliki Shabazz, with the first degree murder of Manfred E. *Page 1333 
Furr, by "shooting him with a sawed off shotgun". The jury found the appellant guilty as charged and fixed punishment at life imprisonment. The trial court then entered judgment in accordance with this verdict. The appellant has been previously tried and convicted of the crime in question. This court, on appeal of that case, reversed and remanded. Robinson v. State, Ala.Cr.App., 335 So.2d 420, cert. denied, Ala., 335 So.2d 426
(1976).
On this appeal the appellant has raised two issues for review: (1) The admission into evidence of a photograph exhibiting the wound of the deceased and (2) the admission of the recorded testimony of a deceased witness taken at a former hearing.
The question of the sufficiency of the evidence is not presented to us for review. There was no motion to exclude the State's evidence, no request for the affirmative charge, no exceptions reserved to the oral charge, and there was no motion for a new trial. Jones v. State, 55 Ala. App. 466, 316 So.2d 713
(1975); Hunter v. State, 57 Ala. App. 651, 331 So.2d 406 (1976). The defendant did not testify nor did he offer any evidence in his behalf. Frazier v. State, 56. Ala. App. 166, 320 So.2d 99
(1975); Bass v. State, 55 Ala. App. 88, 313 So.2d 208 (1974).
The facts of this case are eloquently and accurately set forth in detail by Judge Bowen W. Simmons in Robinson v. State, Ala.Cr.App., 335 So.2d 420, cert. denied, Ala., 335 So.2d 426
(1976). Therefore, a brief rendition of the facts is all that is necessary here.
On the morning of October 12, 1974, the appellant, Arthur (X.) Lewis, and several other involved black people entered downtown Montgomery, Alabama, on a mission of wholesale violence which began when Lewis, for no apparent reason, slashed with a machete the face of an elderly white man. The deceased, Manfred E. Furr, was a security officer for a local department store. He was summoned and went across the street where he was shot and killed by Lewis. The appellant was present and armed with a sawed-off shotgun.
The police arrived immediately and a gun battle ensued. The appellant participated in the shootout, firing at the police with his shotgun. The appellant, Lewis, and another fled to a radio station which they commandeered. Lewis and the appellant broadcast over the radio and appealed to the black community to come to their aid, to fight for the black race and to "take the capitol".
 I
On appeal the appellant's counsel contends that the admission into evidence of a picture of the deceased was error where the toxicologist testified that the photograph was not used by him to determine the cause of death or to identify the victim. The photograph depicts the left armpit area, the wound area, of the deceased. It was properly identified and authenticated by the toxicologist. Counsel argues that the photograph should not have been admitted as it shed no light upon the case. We disagree.
The toxicologist testified that he took the photograph and that it is illustrative of his observation at the time of the post-mortem examination (the same day as the murder). The photograph was taken as a routine portion of the toxicologist's examination and as documentation of the injuries observed on the body. The photograph was not used to identify the victim nor to determine the cause of death.
The general rule in this area is that photographs, to be admissible, must have some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate someother relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered. They must have a tendency to shed light on some material inquiry. Thigpen v.State, 50 Ala. App. 176, 277 So.2d 922 (1972). Photographs of the deceased are admissible in murder prosecutions when they shed light upon the character and location of the wounds on the victim's body. Snow v. State, 50 Ala. App. 381, 279 So.2d 552, cert. denied, 291 Ala. 798, 279 So.2d 558 (1973); *Page 1334 Boulden v. State, 278 Ala. 437, 179 So.2d 20 (1965); Hurst v.State, 54 Ala. App. 254, 307 So.2d 62, cert. denied, 293 Ala. 548, 307 So.2d 73 (1974). Photographs are relevant and admissible where they are identified and authenticated by a witness and are used to show wounds inflicted on the body and are illustrative of the witness' verbal testimony. Layne v.State, 54 Ala. App. 529, 310 So.2d 249 (1975); Johnson v. State,55 Ala. App. 581, 317 So.2d 548 (1975); Shields v. State,52 Ala. App. 690, 296 So.2d 786, cert. denied, 292 Ala. 749,296 So.2d 793 (1974); when they corroborate the testimony of the toxicologist as to the size and location of the wound inflicted, Means v. State, 51 Ala. App. 8, 282 So.2d 356, cert. denied, 291 Ala. 792, 282 So.2d 359 (1973); Aycock v. State,50 Ala. App. 130, 277 So.2d 404, cert. denied, 291 Ala. 49,277 So.2d 412 (1973); Alabama Digest, Vol. 6, Criminal Law, 438 (5) and (6).[1]
As the photograph in question showed the portion of the victim's body where the wound had been inflicted, it was relevant as shedding light on the character and location of the wound and corroborating the testimony of the toxicologist, even though it was merely cumulative evidence and there was no dispute as to the location of the wound. The admission of cumulative evidence, even upon a fact not disputed, is not prejudicial error. Wilson v. State, 31 Ala. App. 21,11 So.2d 563, cert. denied, 243 Ala. 671, 11 So.2d 568 (1943); Snow, supra; Reedy v. State, 246 Ala. 363, 20 So.2d 528 (1945);Farris v. State, 57 Ala. App. 390, 328 So.2d 640 (1976).
 II
The second assertion of error raised by the appellant concerns the admission of the former testimony of a deceased witness for the State which was read into the record. The appellant contends that the prosecution failed to establish a proper predicate for its admission because it was not shown that the testimony was given under oath in the former hearing. The record itself does not disclose that the testimony in question was taken from the first trial of the appellant.
It was stipulated that the testimony was given at a previous hearing where the appellant, his counsel, and the State were present and the appellant's counsel was afforded the opportunity and actually did cross-examine the now deceased witness. The appellant failed to object to the introduction of this evidence and, in fact, the testimony was read to the jury only after the trial judge had ascertained that the appellant's trial counsel (who represents the appellant on this appeal) had no questions about the testimony. The appellant was permitted to read to the jury those parts of the testimony he desired in evidence. Under these circumstances, we find that there was no reversible error in the admission of this testimony. The law is clear in this State that this court has no authority to review without an adverse ruling in the trial court. Henry v. State,57 Ala. App. 383, 328 So.2d 634 (1976). When testimony is admitted in the trial court without any objections made to its admissibility, there is nothing reserved for consideration by this court on appear, and the appellant can take no advantage of it here. Patterson v. State, 51 Ala. App. 659, 288 So.2d 446
(1974); Cox v. State, 19 Ala. App. 205, 96 So. 83 (1923).
We have searched the entire record for error as required by law and have found none. Therefore, this case is due to be and is hereby
AFFIRMED.
All the Judges concur.
[1] See Lewis v. State, Ala.Cr.App., 339 So.2d 1035, cert. denied, Ala., 339 So.2d 1038 (1976) for a prime discussion and example of the liberal policy in this state in the admission of photographs. *Page 1335