BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for rape and convicted. The jury fixed his punishment at twenty-five years imprisonment.
The victim lived in an apartment in Montgomery. She knew appellant from seeing him playing horse shoes with her husband. It appears from her evidence that they started about 6:00 or 6:30 P.M., July 22, 1976 and played until around midnight at which time he asked for his supper and then fell asleep.
The victim testified at about 11:00 or 11:30 o’clock that evening .she saw appellant at a clothesline where she was gathering diapers. At this time he “propositioned” her. The victim further testified that later in the evening, while she was asleep in her bedroom, which was lighted to some extent by the street lights, she awakened to find a man over her bed with a knife; that he jumped on her with it; and cut some of her clothing with it, and later penetrated her. There was other supporting evidence of sexual relations with the victim.
Defendant did not take the stand. However, defendant’s wife testified that she went to work around midnight at which time her husband was at home and that he did not appear to be drunk.
I
The evidence of the victim about the defendant “propositioning” her at the clothesline was admissible as manifesting a lustful desire for the prosecutrix. We think it had a probative value, the weight of which was for the jury. Patterson v. State, 51 Ala.App. 659, 288 So.2d 446[6, 7],
II
On cross-examination, defendant’s counsel propounded questions to the State toxicologist, an expert; one of which was answered and objection sustained as to the other:
“Q Now, I believe you stated that you were present during the gynecological examination. Did Mrs. Kelly have any type of bruises or other problems in her genital area?
“A No, sir, none noted by me or the doctor.
“Q Is that unusual in a rape case?
“MR. SASSER: I object, Your Honor, as to whether or not it’s unusual in other cases or not.
“THE COURT: Sustained.”
Appellant complains that this court erred in sustaining the State’s objection, supra.
We are not in accord with this contention. The reply of the witness to the first ques *1191 tion was in the negative. It appears to us that the next question called for an answer that was immaterial. The witness answered that there were no bruises. The second question was broad in its scope. Objection was properly sustained.
III
Any conflict in the testimony of the prosecutrix presented a resolution for the jury in deciding the guilt or innocence of defendant. There was sufficient evidence, which if believed by the jury, to establish defendant’s guilt. Title 14, Section 396, Code of Alabama 1940, Recomp. 1958; Stephenson v. State, 35 Ala.App. 379, 48 So.2d 255(1).
IV
 The fourth contention was that the trial court abused its discretion in allowing the State to reopen its case and prove venue. The testimony ’as to venue was adduced before argument had begun. This adduction was not error. Title 7, Section 252, Code of Alabama 1940, Recomp. 1958.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.