A jury found defendant-appellant guilty of burglary in the third degree. After appropriate notice by the State that defendant would be proceeded against under the Habitual Felony Offenders Act, he was sentenced to imprisonment for fifteen years, it having been shown at the sentencing hearing that prior to commission of the felony charged in the instant case, he had been convicted of two felonies. The applicable minimum and maximum limits prescribed by statute are "imprisonment for life or for any term of not more than 99 years but not less than 15 years." Alabama Criminal Code, § 13A-5-9 (a)(3) and §13A-5-9 (b)(1) when considered together with § 13A-7-7 (b).
The trial judge was Honorable Wayne Johnson, and the sentencing judge was Honorable Paul Jack Miller, both regular judges of the 26th Circuit where the alleged crime was committed and the trial and the sentencing procedure occurred.
Two of the three issues presented by appellant are thus stated in his brief:
 "I DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION FOR MISTRIAL IN VIEW OF FACT THAT THE TRIAL JUDGE HAD PREVIOUSLY REPRESENTED APPELLANT ON APPEAL OF A CRIMINAL CONVICTION?
 "II DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION FOR MISTRIAL IN VIEW OF TRIAL JUDGE'S STATEMENT THAT IN THE EVENT OF A CONVICTION HE WOULD LEAVE THE IMPOSITION OF SENTENCE TO ANOTHER CIRCUIT JUDGE?"
We will endeavor to respond definitely to each of the two issues, but we believe it appropriate, in the interest of brevity, to consider them together, chiefly.
The first time any reference was made in the trial court to the matter now under consideration was after a large part of the morning of the first day of trial had been devoted to the case; after a jury had been selected, counsel for the respective parties had made opening statements to the jury, two of the witnesses for the State had concluded their testimony and the court had reconvened after a recess for lunch. Immediately upon reconvening at 1:15 P.M., the following occurred:
 "THE COURT: It has come to the Court's attention that heretofore in Russell County Case No. CC-77-69 I was appointed by the Court to represent the defendant on his appeal from a conviction of burglary in the second degree in that case. The conviction thereafter was affirmed by the Court of Criminal Appeals. This matter has come to my attention here in the middle of trial through a certified copy of the minutes of the court records brought by the assistant district attorney.
 "I do not have any independent recollection of meeting with Mr. James on that appeal. I recall the incidents — I recall the grounds upon which the matter of the case was appealed. The style `State versus Robert Lee James' does not bring anything to mind.
 "The Canons of Judicial Ethics have been reviewed by me and I have talked with Judge Miller regarding this particular matter, as the presiding judge of this circuit. He is of the opinion there will *Page 341 
not be a conflict for me to proceed in this case. If there is a conviction resulting from this case, then in the discretionary powers as to the particular sentence that would be imposed, he will conduct any sentence hearings or restitution hearings or enter any orders regarding sentence of the defendant.
 "MR. CURTIS: [Defendant's attorney]: Judge, based on the statement that you have just made and had read into the record, on behalf of the defendant I will make a motion for a mistrial at this time. I feel that the trial judge should also be the sentencing judge, and in view of your knowledge of past convictions and the circumstances of those convictions of the defendant, I feel it would be improper for you to be the sentencing judge. In other words, I am saying I think that another judge should handle this matter altogether."
Further dialogue ensued between the trial judge and defendant's attorney, and at the conclusion thereof, the following occurred:
 "MR. DAVIS [An assistant district attorney]: For the record, the state sees no conflict; but if there were such a conflict, the state would waive any objection it might have.
 "THE COURT: We will proceed with the trial here. Are you ready to proceed?
"MR. DAVIS: The state is ready.
"THE COURT: Mr. Curtis?
"MR. CURTIS: We are ready.
"THE COURT: We will go ahead.
 "I would view the situation in this case being the same as if at one point in time I had represented a person such as, let's say, a bank, and would have to be recused from representing a person because there was a conflict with a bank such as a note being due, owing to the bank, and that situation having terminated, it would be no later grounds for recusal. I would view that as being the same way in this case.
 "[The jury returned to the courtroom and to the jury box and, all other necessary officers and parties being present, the trial continued as follows, to-wit:]
 "THE COURT: The State would call its next witness, please.
"MR. DAVIS: Call Officer Hassen."
For his contention that Judge Johnson should have recused himself and thereby caused a mistrial of the case, appellant relies chiefly, if not exclusively, upon Rushing v. City ofGeorgiana, Ala., 361 So.2d 11, 12 (1978), in which the Alabama Supreme Court, per Justice Beatty, held that the trial judge should have recused himself by reason of his having theretofore, before he became a judge and while he was a circuit solicitor of the same circuit, prosecuted a criminal case against Rushing, which case grew out of the same facts and controversy that gave rise to the case of Rushing, as plaintiff, v. City of Georgiana. As pointed out in Ray v.State, Ala.Cr.App., 398 So.2d 774, cert. denied, 398 So.2d 777
(1981), the turning point in Rushing v. City of Georgiana was that the then pending civil case and the previous criminal case concerned the same "matter in controversy," which should have brought about the judge's recusal, pursuant to Alabama Canons of Judicial Ethics, Canon 3, Part C.
It was held in Ray v. State, at 398 So.2d 766-777, that the fact that the trial judge, before he was a judge and while he was district attorney of the particular circuit, had prosecuted the defendant in another case presented no valid ground for a motion that he recuse himself. For stronger reason, it is our opinion that the trial judge's representation of defendant in a previous criminal case while the case was on appeal did not perse furnish a valid ground for a recusal.
Appellant's contention that the same judge that tried the case should have conducted the sentence hearing and sentenced defendant, which he made in the trial court also, calls for additional consideration. We agree that generally it is better and more appropriate that a convicted defendant be sentenced by the judge who tried him. Appellant cites in support of his contention Lawley v. State, Fla.App., 377 So.2d 824 (1979), which, in expressed consonance *Page 342 
with Rule 3.700 (c), Florida Rules of Criminal Procedure, and Section 5.1 (a) of the American Bar Association Standards Relating to Sentencing Alternative and Procedures, and a Commentary to the subsection, reversed the judgment of the trial court and remanded the case "for resentencing by the trial judge," who was not the sentencing judge. The court said:
 "No emergency or necessity was shown in this case. Mere convenience does not justify a practice that departs from the well recognized assumption that sentencing is an individualized procedure."
The case cited is inapposite. Although in the case sub judice
there may have not been any "emergency" or "necessity" in the strictest sense of those words, a somewhat kindred situation was presented by the circumstance, understandably unforeseen at the time of the planning of the docket and the commencement of the trial and unobserved until after a large part of the trial had taken place, which circumstance, according to defendant's contention, could have been remedied only by the necessarily
disruptive consequences of a mistrial. It is to their credit that both of the judges foresaw the possibility that the "impartiality" of Judge Johnson "might reasonably be questioned" by what could conceivably occur at a sentencing hearing, which should be scrupulously avoided, according to Canon 3 C (1), Alabama Canons of Judicial Ethics, as to which some concern was thus expressed in Ray v. State, at398 So.2d 777:
 "It probably should be observed that no motion for a recusal was made in connection with the sentencing hearing, that conceivably a factual question could have arisen thereon as to which the judge's recollection of pertinent events could have been different from that of defendant or other witnesses, but it appears that no such complication arose."
It is to be noted that on the sentencing hearing in the instant case any "such complication" was avoided by the action of the judges in arranging for the sentencing hearing to be conducted by a judge other than the judge trying the case.
In our opinion, the denial of defendant's motion for a mistrial was not erroneous. Such ruling as applied to the question whether the case should have been tried by the judge trying it was in every respect proper; the ruling as it relates to the recusal of the trial judge in the conduct of the sentencing hearing was clearly made in a carefully studied and sincere effort to avoid any appearance of partiality so that unquestionably even-handed justice would prevail. We approve the ruling of the trial court in both of the issues raised by appellant as to the motion for a mistrial.
In the only other issue raised by appellant, appellant questions the action of the "sentencing judge . . . in failing to advise appellant upon the pronouncement of sentence that he would be allowed a credit on his sentence for the time he had already been incarcerated on the case presently before the court." Appellant relies upon Rule 8 (b)(2) of the Alabama Rules of Criminal Procedure, which states: "In pronouncing sentence the court shall . . . state that a credit will be allowed on the sentence for time during which the defendant has already been incarcerated on the present charge. . . ." The transcript of the proceedings fails to reveal that the statement described by said Rule 8 (b)(2) was made. The transcript shows that at the time of the pronouncement of sentence the defendant was in jail and had been in jail since his arrest in the instant case. As to the issue now under consideration, appellee states in his brief:
 "Appellee submits the conviction of Appellant is due to be affirmed, but Appellant's sentence needs to be corrected to give credit for time incarcerated prior to trial."
One of the reasons for the quoted Rule 8 (b)(2) is to inform any defendant, who has been imprisoned on the charge of which he stands convicted, of the fact that he is entitled to credit on his sentence for his time spent in prison on the charge in order that he may take that fact into consideration in determining whether he should exercise his right to appeal. The transcript *Page 343 
shows in this case that promptly after the pronouncement of sentence, defendant gave notice of an appeal. No harm has been done appellant as a result of the inadvertent omission to state to defendant the contents of Rule 8 (b)(2). If he has not been otherwise authoritatively informed thereof by now, he, and all others concerned, are now so informed, and action should proceed accordingly.
We have considered all issues raised by appellant and find no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.