174 So.2d 325

Shelman HURST

v.

STATE of Alabama.

8 Div. 188.

Supreme Court of Alabama.

April 15, 1965.

Kenneth Shelton and Thos. A. Caddell, Decatur, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant, Shelman Hurst, was indicted by the Grand Jury of Morgan County for the offense of murder in the second degree. Counsel was appointed to represent him. A plea of not guilty was entered and trial was held. The jury returned a verdict of guilty as charged in the indictment and fixed punishment at 30 years in the penitentiary. This appeal followed.

Appellant argues that the court erred in admitting into evidence a photograph of the deceased victim taken by the State Toxicologist at the time an autopsy was performed. The appellant claims error on the part of the court in admitting this photograph on the grounds that it shows more of the surrounding body than was necessary to show the knife wounds from which the State Toxicologist testified the victim died; that it tended to inflame the minds of the jurors and because it was taken three days after the incident causing death.

We have examined the picture. It is a photograph of the deceased's body lying on its back. It shows deceased's entire body from the head to a point just above the pelvic area. It shows two wounds on either side of the upper abdomen area, which the Toxicologist testified were the entrance wounds causing death. Also shown is a long incision vertically along the length of the abdomen which Dr. Johnson, the Toxicologist, testified was "a surgical incision that possibly occurred after the incident in question". All of these wounds are sewed with black silk sutures according to ₊¹ stimony; the picture shows them to be ꞏed.

The appellant relies upon McKee v. State, ₃ Ala.App. 171, 31 So.2d 656 for reversal. We do not think this case supports his contentions. There the Court of Appeals found no error in the trial court's admission of five different photographs of the deceased's body taken during the autopsy by the State Toxicologist. The autopsy there was made and the photographs were taken some eight days after death and after the body was disinterred. The Court of Appeals there observed that all of the photographs were unpleasant, stating further:

> "Grewsomeness is however no grounds for excluding this type of evidence (photographs, clothing, etc.) if it has a 'reasonable tendency to prove or disprove some material fact in issue, or which at the time appeared to be probably in dispute or material' (Grissett v. State, 241 Ala. 343, 2 So.2d 399, 401), and if it illuminates the issues in any way, and is relevant, it is admissible even though possessing a tendency to inflame the minds of a jury. Grissett v. State, supra. Or, as stated by Chief Justice Anderson in Boyette v. State, 215 Ala. 472, 110 So. 812, the admissibility of this type of evidence is dependent upon whether it has 'some tendency to shed light upon some material inquiry'."

The Court of Appeals found that five of the six photographs introduced in the McKee case met these tests, but reversed for the admission of the sixth photograph. That picture was said to be not only grewsome, but ghastly. The Court of Appeals observed:

> "It shows deceased's body from the upper forehead to a point about midway of the hips. The body is lying on its back. The torso has been opened, the lower line of the dissection being at about a line drawn from the crest of the hipbones and extending to a depth of about two-thirds of the body. The incision then extends up the body to a point close to the arm pits. The thick flap of skin and fascia thus created has been thrown back covering deceased's face. The inner vitals of deceased are exposed in the large area thus uncovered. Five streams of dark fluid, we presume blood, are running down the uncut portion of the torso."

█ The picture introduced in this case is in no manner ghastly. In fact we do not find it grewsome. Unpleasant, perhaps,

**688**

but not grewsome. We think it clearly admissible as cumulative of the oral testimony of Dr. Johnson.

 As noted in McKee, supra, the fact that the photograph was taken some three days after death is no ground for not admitting it, if it is otherwise admissible.

■ Appellant next argues that the court erred in allowing the testimony of a fifteen-year-old witness for the State to the effect that the deceased said he was dying. Counsel for appellant says in his brief that he is "aware of the fact that there does not appear, of record, any ruling by the court overruling this objection of" defendant. In this circumstance there is nothing for this court to review. See Appeal & Error, Alabama Digest, Key No. 236, et seq. "In the absence of a motion to exclude the alleged prejudicial matter and an adverse ruling by the trial court upon said motion nothing is invited for review". Clark v. Hudson, 265 Ala. 630, 93 So.2d 138.

■ Lastly, appellant claims he requires a new trial because the trial court sustained the State's objection to appellant's testimony "that he [the decedent] didn't seem like he was cut or anything". However, this evidence was before the jury before the State interposed its objection. The defendant had answered the question. No motion was made by the State that the court instruct the jury to disregard the testimony. In no way could appellant have been prejudiced by this failure on the part of the solicitor; on the contrary, assuming that defendant, appellant, believed the evidence favorable to him, as obviously he did and does, surely he cannot be entitled to a new trial for the court's failure to instruct the jury to disregard it. "Where objection to question was made after question had been answered, and no motion to exclude was made, the trial court would not be put in error on appeal for having overruled the objection." McBee v. McBee, 265 Ala. 414, 91 So.2d 675. Conversely, the trial court will not be put in error for sustaining the objection.

Consistent with our duty in such cases, we have searched the record for error prejudicial to defendant and find none.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.