277 So.2d 922

**Donald THIGPEN**

v.

**STATE.**

**6 Div. 446.**

Court of Criminal Appeals of Alabama.

May 15, 1973.

Calvin M. Howard, Birmingham, for appellant.

**178**

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Jefferson County, Alabama, indicted appellant for murder in the first degree. The Jury's verdict and judgment fixed punishment at death.

Deborah Jones, an employee of the Birmingham Housing Authority, testified that on the day of the fatal shooting, she and the manager of the Housing Authority had called the deceased, Cassie Lee Davis, into their office to discuss the problem of appellant living in the same apartment with Mrs. Davis. Mrs. Davis stated that she was afraid to tell appellant that he had to move. She then left to find the appellant, so that the manager could talk with him. When she returned with the appellant, she told the manager that appellant had beaten her that Friday night, and also that he had threatened to kill her. The appellant then left the office, and Mrs. Davis and Mrs. Jones walked across the street to the victim's apartment. The appellant was already at the apartment gathering his belongings together. Mrs. Jones testified

that she observed a single barrel, sawed-off shotgun lying on the table. At that time, the appellant walked into the kitchen where Mrs. Jones was standing and picked up the shotgun. The victim was standing between the refrigerator and the window, facing Mrs. Jones. The appellant pointed the shotgun at the victim, and Mrs. Jones heard the gun fire and saw Mrs. Davis fall to the floor. Appellant then put the weapon to his side, turned and walked out of the apartment. A moment later he returned and asked, "Did I kill her?"

Mrs. Jones identified State's Exhibit A as the same gun she had seen in appellant's hand at the time the shot was fired.

The State's next witness, Harry Freeman, Jr., testified that he was Deputy Coroner of Jefferson County and had twenty years experience investigating crimes. He stated that he had examined the body of Cassie Lee Davis lying on the floor in the kitchen of her apartment. He again examined the body at the Lumzy Funeral Home later the same day. The examination revealed that the victim had a large wound in the back of her head on the right side, four inches long and one inch wide, that went deep into the brain. He stated that during the examination several small shot rolled out of the wound which appeared to be shotgun pellets. Mr. Freeman then identified State's Exhibit B as a photograph of the victim taken the same day of the shooting at the Lumzy Funeral Home. After stating that the photograph accurately depicted the wound heretofore described, it was allowed into evidence. Mr. Freeman further stated that in his experience he had occasion to observe many shotgun wounds.

Officer Aubrey W. Justice then testified that on the day of the shooting he was employed by the Birmingham Police Department. On that day the patrol car, in which he was riding, was flagged down by the appellant outside the victim's apartment. As the car stopped appellant approached and stated, "You better come in

the house. I just shot my wife." Officer Justice went inside the apartment and observed the victim lying on the floor. He found the shotgun beneath the couch in the living room. He identified State's Exhibit A as the same weapon, whereupon it was allowed into evidence.

### I

Appellant contends that the trial court erred in granting the State's challenge for cause and excusing all prospective jurors who were opposed to capital punishment, citing Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, as authority.

■ We are of the opinion that in light of the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and Hubbard v. State, 290 Ala. 120, 274 So.2d 301, appellant's argument is rendered moot.

### II

Appellant next contends the trial court erred in allowing testimony by State's witness Deborah Jones to the effect that the deceased stated to Mr. McDowell, in her presence and in appellant's presence, that appellant had beaten and threatened to kill her that prior Friday night.

■ The acts, declarations, and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him. Jones v. State, 181 Ala. 63, 61 So. 434; Espey v. State, 270 Ala. 669, 120 So.2d 904.

■ This Court held in Rector v. State, 11 Ala.App. 333, 66 So. 857, that:

"Threats made by the defendant against the deceased on trial for homicide are always admissible as a circumstance to show malice, and the lapse of time does not render the evidence of such threats inadmissible. . . ."

■ The rule is well settled in Alabama that the State may prove former acts of hostility by the accused toward the victim for the purpose of showing motive and malice. Wright v. State, 279 Ala. 543, 188 So.2d 272; Emerson v. State, 281 Ala. 29, 198 So.2d 613; Spain v. State, 37 Ala.App. 311, 68 So.2d 53, cert. denied 259 Ala. 606, 68 So.2d 58. The reason for the foregoing rule is well stated in *Spain,* supra, per Harwood, J.:

"When evidence of a former difficulty between a defendant and the assaulted party is offered by the State, it is for the purpose of shedding light on the true conduct of the defendant at the time of the subsequent difficulty for which the accused is on trial. Gray v. State, 63 Ala. 66; McAnally v. State, 74 Ala. 9. . . ."

■ The conversation in the instant case was clearly admissible as showing malice or motive for the killing. Webb v. State, 26 Ala.App. 241, 157 So. 262; Richardson v. State, 39 Ala.App. 207, 98 So.2d 59, cert. denied, 266 Ala. 699, 98 So.2d 65.

### III

Counsel for appellant further cites as error the action of the trial court overruling his objection to Deputy Coroner Harry Freeman, Jr.'s opinion as to the cause of death.

This Court in Willingham v. State, 50 Ala.App. 363, 279 So.2d 534, per Harris, J., stated:

"It has been said that a person who is a coroner does not *per se* qualify him to express an opinion as to the cause of death. However, where experiential qualifications are shown, a person who is a coroner or undertaker may be qualified to testify to the cause of a particular person's death. Page v. State, 41 Ala. App. 153, 130 So.2d 220; Jordan v. State, 40 Ala. App. 693, 122 So.2d 545;

Ward v. State, 44 Ala.App. 229, 206 So. 2d 897."

More recently, this Court, in J. D. Snow v. State, 50 Ala.App. 381, 279 So.2d 552, 1973, also per Harris, J., held:

"A deputy coroner of Jefferson County rendered an opinion as to the cause of death. He said death was due to a shotgun wound in the area of the heart. By preliminary examination it was shown that this witness was qualified by knowledge and experience to give such opinion. Cazalas v. State, 43 Ala.App. 6, 178 So.2d 562; Anderson v. State, 40 Ala. App. 509, 120 So.2d 397."

■ It is clear that the trial court properly admitted the opinion of the deputy coroner as to the cause of death.

### IV

Appellant next argues that the photograph of the victim taken at the Lumzy Funeral Home the same day of the shooting should not have been admitted into evidence.

■ The fact that a photograph is gruesome is no ground for excluding it from evidence. Palmore v. State, 283 Ala. 501, 218 So.2d 830; Beverly v. State, 281 Ala. 325, 202 So.2d 534; and Davis v. State, 257 Ala. 447, 59 So.2d 592.

■ Photographs to be admissible must be sufficiently limited to such amount of the human anatomy as is necessary to show the wounds and must have some tendency to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered. They must have a tendency to shed some light upon some material inquiry. Knight v. State, 273 Ala. 480, 142 So.2d 899; Rollings v. State, 160 Ala. 82, 49 So. 329; Nichols v. State, 267 Ala. 217, 100 So.2d 750; and Baldwin v. State, 282 Ala. 653, 213 So.2d 819.

■ The photograph in question showed the nude body of the deceased from the chest up. The wound in the back of the head was clearly shown. The photograph showed no more of the surrounding body than was necessary to show the wound from which the coroner testified the victim died. Hurst v. State, 277 Ala. 686, 174 So.2d 325. The photographs were admitted without error as they tended to corroborate the testimony of the coroner as to the number and location of the wound. Palmore v. State, supra; and Grant v. State, 250 Ala. 164, 33 So.2d 466; Smarr v. State, 260 Ala. 30, 68 So.2d 6, and cases cited therein.

### V

The trial court refused appellant's only requested written charge. The charge stated:

"Ladies and Gentlemen of the jury, I charge you that there can be no conviction of murder in either the 1st or 2nd degree unless the killing was malicious. . . . ."

■ Although a proper charge, there was no error in its refusal as it was properly and adequately covered in the trial court's oral charge to the jury. Title 7, Section 273, Code of Alabama 1940; Young v. State, 283 Ala. 676, 220 So.2d 843.

### VI

Finally, appellant's counsel cites us to Furman v. Georgia, and companion cases, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

The question presented in this case is identical to that presented in Hubbard v. State of Alabama, 290 Ala. 118, 274 So.2d 298.

■ On authority of Hubbard v. State of Alabama, supra, the sentence of death imposed on the defendant, Donald Thigpen, is vacated and set aside. In lieu and instead thereof, the sentence is corrected to

provide that the said Donald Thigpen be imprisoned in the State penitentiary for the term of his natural life. The clerk of this court shall furnish a certified copy of this order to the clerk of the Circuit Court of Jefferson County, and the clerk of that court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

We have carefully examined the record, as is our duty pursuant to Title 15, Section 389, Code of Alabama 1940, and find same to be free from error.

It follows that except as to the death sentence, the judgment of the Circuit Court is affirmed. With regard to the death sentence, the judgment of the Circuit Court is modified and the sentence is reduced to life imprisonment, and as modified, the judgment is affirmed.

Modified and affirmed.

CATES, P. J., and ALMON and HARRIS, JJ., concur.

DeCARLO, J., recuses self.