The appellant was indicted by a Grand Jury of Jefferson County for the first degree murder of James McBride. A jury found the appellant guilty of murder in the second degree and fixed his punishment at thirty years imprisonment. Retained trial counsel was appointed to represent the appellant on this appeal.
The facts of this case need not be set out in detail. The evidence produced by the state revealed that on the evening of March 15, 1976, the appellant and the deceased were drinking at Minniefield's shot house in Birmingham, Alabama. An argument developed between the two men when the deceased would not loan or give the appellant two dollars. Angered, the appellant left the drinking establishment only to return within a short time with three other men and again asked the deceased for the two dollars. When the deceased refused, the appellant shot him as the deceased was rising from his seat.
The appellant claimed that he shot the deceased in self-defense when the deceased advanced toward him with a knife. Although the appellant admitted that he and the deceased had been arguing, he denied asking the deceased for any money.
 I
Initially the appellant argues that his motion for a new trial was due to be granted because the evidence did not justify a conviction of second degree murder. The argument presented by counsel is more properly reserved for presentation to a jury. It is not within the province of the Court of Criminal Appeals to pass judgment on the truthfulness of conflicting evidence, May v. State, Ala.Cr.App., 335 So.2d 242
(1976), or to disturb the verdict of the jury where the evidence is conflicting. Parham v. State, Ala.Cr.App.,333 So.2d 912, cert. denied, Ala., 333 So.2d 915, and 429 U.S. 963,97 S.Ct. 393, 50 L.Ed.2d 332 (1976). The weight and credence to be given the testimony of the defendant as to the issue of self-defense is a question for the jury. Moore v. State,54 Ala. App. 22, 304 So.2d 263, cert. denied, 293 Ala. 768,304 So.2d 268 (1974); 11A Alabama Digest, Homicide, 276.
 II
It is argued that the photographs of the deceased which were taken at the hospital after his death were improperly admitted into evidence because they lacked probative value because the fact that the deceased was shot was never denied, because they reflected the condition of the accused after surgery and profound swelling and because they were gruesome. *Page 773 
It is clear that, in a charge of homicide, the state may introduce a duly authenticated photograph of so much of the victim's body as is necessary to show the wounds inflicted by the accused. Gamble, McElroy's Alabama Evidence, 3rd Ed. § 207.01 (2), p. 459, citing authorities.
As the photographs in question showed the portion of the victim's body where the wound had been inflicted, they were relevant as shedding light on the character and location of the wound and corroborating the testimony of the medical doctor and the toxicologist, even though they were cumulative and there was no dispute as to the location of the wound. Farris v.State, 57 Ala. App. 390, 328 So.2d 640 (1976); Robinson v.State, Ala.Cr.App., 335 So.2d 420, cert. denied, Ala.,335 So.2d 426 (1976).
The marks resulting from the surgery to the deceased were sufficiently identified to the jury and distinguished from the wounds caused by the bullet. Where a photograph of the deceased depicts not only the wound which allegedly caused death but also depicts a surgical incision such photograph is not rendered inadmissible because of the depiction of the surgical incision where the incision is clearly identified. Hurst v.State, 277 Ala. 686, 174 So.2d 325 (1965); Maness v. State,57 Ala. App. 431, 329 So.2d 120, cert. denied, 295 Ala. 411,329 So.2d 126 (1976); Means v. State, 51 Ala. App. 8, 282 So.2d 356, cert. denied, 291 Ala. 792, 282 So.2d 359 (1973).
The photographs depicted the entrance and exit wounds of the bullet. In the process of entering the right thigh of the deceased and exiting the left thigh, the bullet passed through the scrotum injuring and severing a number of blood vessels causing the scrotum itself to swell to a grotesque size. The photographs were in fact gruesome. However this fact is not, without more, an appropriate ground upon which to exclude a photograph from evidence. Davis v. State, Ala.Cr.App.,333 So.2d 168 (1976); Brown v. State, Ala.Cr.App., 331 So.2d 820
(1976).
 "Gruesomeness becomes objectionable in a photograph only where there is distortion of either of two kinds; first, distortion of the subject matter as where necroptic or other surgery causes exposure of non-probative views, e.g. `massive mutilation', McKee v. State, 33 Ala. App. 171, 31 So.2d 656; or, second, focal or prismatic distortion where the position of the camera vis-a-vis the scene or object to be shown gives an incongruous result, e.g., a magnification of a wound to eight times its true size, Wesley v. State, 32 Ala. App. 383, 26 So.2d 413." Metcalf v. State, 40 Ala. App. 25, 33, 108 So.2d 435, 443 (1958).
Neither kind of distortion is present in this case. The pictures were not due to be excluded because they depicted the sexual organs of the deceased. Cobern v. State, 273 Ala. 547,142 So.2d 869 (1962). For these reasons the pictures were properly admitted.
 III The appellant complains that the trial court erred in not allowing individual questioning of the jurors at the time when the jurors were being qualified. The appellant contends that this individual questioning was necessitated by a newspaper article which appeared on the very morning the jury was to be qualified. The article was entitled "`Good time' law riles law enforcers" and expressed the "simple, unbelieving outrage" of law enforcement over the new "good time" law which would allow prisoners to earn time off for good behavior at the rate of two days for each day served and when coupled with the existing law which was not repealed, would allow prisoners to be eligible for parole consideration after serving one-third of their sentences. The appellant contends that any juror that read the article would be prejudiced into giving a harsher sentence.
After the trial court denied defense counsel's motion to question the jurors individually, counsel did not attempt to question the venire on the newspaper article stating that "asking these questions in front of the whole venire cannot help but raise doubts in those people who have read the article". *Page 774 
Examination of jurors takes place "under the direction of the court". Title 30, § 52, Code of Alabama 1940, Recompiled 1958. The accused has no absolute right to personally interrogate each prospective juror. Bales v. State, 63 Ala. 30 (1879);Lundy v. State, 91 Ala. 100, 9 So. 189 (1890); Burns v. State,226 Ala. 117, 145 So. 436 (1932); Annotation: Right of Counsel in Criminal Cases Personally to Conduct the Voir Dire Examination of Prospective Jurors. 73 A.L.R.2d 1187, § 7 at 1203. This is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent an abuse of that discretion. Clark v. State, 294 Ala. 493, 318 So.2d 822
(1975); Gilliland v. State, 291 Ala. 89, 277 So.2d 901 (1973).
The preferred procedure to follow is to allow counsel to ask his questions of the group of prospective jurors as a whole and then allow counsel to ask other questions of a particular juror, if requested, if any juror should give an answer which would call for more information. Massey v. State, 49 Ala. App. 345, 272 So.2d 271, cert. denied, 289 Ala. 747, 272 So.2d 278
(1972).
From the record it does not even appear that defense counsel asked the jurors whether they had read that particular edition of the morning newspaper. If counsel had done so and received an affirmative answer from any juror he could have then requested to be allowed to individually examine that juror out of the presence of the others. This issue was raised on the motion for new trial and no evidence, either by testimony or affidavit, was presented showing that any juror even read the alleged prejudicial article.
Even if a prospective juror had read the article it would not constitute a challenge for cause. The article itself made no mention of the appellant nor the crime with which he was charged. The actual punishment imposed by the jury (thirty years for second degree murder) was well within the range of their discretion and does not appear to be unusually harsh.
Because defense counsel was permitted to examine the jury venire as a whole and in view of the fact that it had not even been shown that any prospective juror read the edition of the newspaper containing the alleged inflammatory article, we conclude that the trial judge did not abuse his discretion in refusing the appellant's request to examine each juror individually. McPherson v. State, 271 Ala. 533, 125 So.2d 709
(1961); Aaron v. State, 273 Ala. 337, 139 So.2d 309 (1962).
Mindful of our duty under Title 15, § 389, Code of Alabama 1940, Recompiled 1958, we have examined the record for any reversible error, whether called to our attention or not. We find no reversible error and the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 1021