The defendant was indicted for the robbery of Ray Anthony Black. Alabama Code 1975, Section 13-3-110. After deliberating only twelve minutes, the jury found him guilty as charged in the indictment. Sentence was twelve years' imprisonment.
 I
The defendant contends that the trial court erred in overruling his motion to exclude the State's evidence based upon its failure to establish a prima facie case of robbery. This argument is without factual or legal support.
The victim, Ray Anthony Black, testified that on the afternoon of December 28, 1979, he went with his friend, Essex Mason, to look for a used car. Later, they saw a movie and around 10:00 P.M. went to a local lounge in Bessemer to get some beer.
The lounge was so crowded that the two men decided to leave. At this time, the defendant and his accomplice, Adam Hill, spoke to Mason. The defendant asked where they were going and Black and Mason replied that they were going to get some beer.
The defendant and Hill accompanied Black and Mason to Black's car which was parked across the street from the lounge. The defendant sat in the rear seat behind Black and, after everyone had entered the car, drew a pistol, put it to the back of Black's head, and told him that he was being robbed. Black drove and parked his car behind a church across the street from the lounge as the defendant directed. There Hill took the money from Mason's billfold.
Black testified that as he was exiting his car the defendant stated that if he moved the defendant "would blow my damn brains out." Outside the car, the defendant removed approximately $538.00 from Black's *Page 189 
billfold. He also took Black's car keys, field jacket, and a bag of empty beer cans which Black was collecting. Black stated that the defendant told Mason and him to walk away and fired the pistol a couple of times. After this both Black and Mason ran away, but returned after a few minutes. With a spare key, Black started his car, drove to the Bessemer Police Station, and reported the incident. Afterwards, Black and Mason rode around the area attempting to find the defendant.
Essex Mason corroborated Black's testimony. Moreover, Mason added that he had known the defendant for a long time.
The three essential elements of the crime of robbery are: (1) felonious intent, (2) force or putting in fear as the means of effecting the intent, and (3) by that means the taking and carrying away of the personal property of another from his person or in his presence, with all three elements occurring in point of time. Vickerstaff v. State, Ala.Cr.App., 374 So.2d 443
(1979); Garrison v. State, Ala.Cr.App., 372 So.2d 55 (1979); Section 13-3-110, Code of Alabama 1975.
A review of the testimony of the evidence compels the conclusion that the State fully established the requisite elements of the crime and thereby presented a prima facie case of robbery. Consequently, the trial court properly overruled the defendant's motion to exclude and allowed the issue of the defendant's guilt or innocence to be decided by the jury.
 II
The defendant contends that the trial court erred in admitting his written statement into evidence based upon the ground that he was not asked whether he wanted to make a voluntary statement.
Bessemer Police Captain J.R. Pace testified that on December 29, 1979, he went to Hill's house, took the defendant and Hill into custody, and transported them to the police station.
On voir dire examination, Captain Pace testified that at the police station he read both suspects their Miranda warnings and asked them if they understood. Both men indicated that they did. No force, coercion, or hope of reward was used in order to obtain the defendant's statement.
Captain Pace stated that after giving the defendant his rights, including the question, "Having these rights in mind, do you wish to talk to us now?", he questioned the defendant. Shortly after he had completed his initial interrogation, Captain Pace had a stenographer brought in to record the defendant's statement. He read the defendant his rights again
but inadvertently omitted the above quoted question. Captain Pace testified that the written statement was a "fair analysis" of all that the defendant had said.
In the written statement, the defendant alleged that Mason had sold Hill and him some pills that did not get them "high". After trying to get a refund, the defendant stated that he called out to Black and Mason who were driving away in Black's car. The defendant told Captain Pace that he procured a pistol from one Jimmy Harris and got in Black's car. He told Black to pull behind a church across the street from the lounge. At that point the defendant took the bag containing the pills and an unknown quantity of marijuana. The defendant denied taking Black's money, jacket, or bag of beer cans.
The record is clear that the defendant was asked whether he wanted to make a voluntary statement by Captain Pace prior to his oral interrogation. His Miranda warnings were fully and completely covered and the defendant indicated that he understood them.
Once the mandate of Miranda has been complied with at the threshold of questioning, it is unnecessary to repeat the warnings at the beginning of each successive interview. Love v.State, Ala.Cr.App., 372 So.2d 414 (1979); Gibson v. State,347 So.2d 576 (Ala.Cr.App. 1977). The omitted question need not have been repeated.
The totality of the circumstances leads us to the conclusion that the defendant's statement was understandingly, voluntarily, *Page 190 
knowingly, and intelligently made. Thus, no error was committed by its admission into evidence.
 III
Defendant contends that the trial court erred in denying his oral motion to withdraw his plea of not guilty so that he could demur to the indictment based upon its failure to aver the denomination of the money taken.
On April 16, 1980, the defendant was arraigned and pled not guilty. On September 9, 1980, prior to trial, he made the motion to be permitted to withdraw his plea of not guilty so that he could file a demurrer to the indictment.
This issue was decided adversely to the defendant's position in Edwards v. State, Ala.Cr.App., 379 So.2d 336 (1979), cert. denied, Ala., 379 So.2d 339 (1980). Moreover, the general rule is that in a prosecution for robbery, the failure of the indictment to specify the denominations of the currency taken does not render the indictment defective, although in such case, the indictment should also allege that the particular denomination was unknown to the grand jury. Webber v. State,376 So.2d 1118 (Ala.Cr.App.), cert. denied, 376 So.2d 1129
(Ala. 1979).
 IV
The defendant asserts that the trial court erred in overruling several of his objections to questions propounded by the prosecutor to a witness for the State.
We note that in two of the four instances, the defendant's objection was made after the witness had answered. No motion to exclude was made. In one instance, no answer was given to the objected to question, while in the last instance, his objection was sustained.
It is apparent that no error was preserved for our review.Gunn v. State, Ala.Cr.App., 387 So.2d 280, cert. denied, Ala.,387 So.2d 283 (1980); Tuck v. State, Ala.Cr.App.,384 So.2d 1240 (1980). Furthermore, the questions objected to and the leading manner in which they were asked did not prejudice the substantial rights of the defendant. Rule 45, Alabama Rules of Appellate Procedure.
 V
Defendant asserts that the trial court erred in refusing to give ten written requested charges.
Charges number one, three, six, seven, eleven and the three unnumbered charges are substantially covered by the trial court's oral charge and by given written charges requested by the defendant. Charge number nine is ungrammatical and confusing. Charge number five made the defendant's presence at the scene an element of robbery and, as written, is a misstatement of law. Review shows that the trial court did not err in refusing to give the above charges. Alabama Code 1975, Section 12-16-13.
We have carefully searched the record as required by law and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.