JOSEPH A. COLQUITT, Circuit Judge.
Appellant was convicted of robbery in the first degree and sentenced to twenty years’ imprisonment.
The evidence as produced by the State tended to establish the following facts. Late on the night of November 26, or in the early morning hours of November 27, 1980, Jill A. McFarland left her place of employment, Storkland, Incorporated, in downtown Birmingham. While getting into her car, a man approached her from behind the car.
Ms. McFarland identified the appellant as this man. He repeatedly mumbled that if she did not get into the car he would kill her. She attempted to push him away, and during this struggle the appellant produced a knife. When she tried to knock the knife out of his hand, he cut her cheek with it. He also hit the left side of her face repeatedly with his fists. Ms. McFarland kicked, scratched, and hit appellant in an effort to escape his attack. She also blew her car horn in an effort to attract attention.
The struggle lasted fifteen to twenty minutes. Eventually, appellant got Ms. McFarland’s purse, broke its clasp, and *71 dumped its contents onto the street. He took some twelve to fifteen dollars from the contents and said he would call it even.
At that moment, a police car driven by Officer K.R. Lewis pulled up behind Ms. McFarland’s car. Appellant discarded the purse and ran down the street and through a parking lot. Ms. McFarland ran into the street in an attempt to stop the police car, but it went around her and followed the appellant. Shortly thereafter, additional police officers and paramedics arrived at the scene.
Ms. McFarland pointed out to the police the knife appellant had left behind on the front seat of her car. Officer C.R. Wyatt took the knife and other evidence at the scene and placed the items in evidence bags. Ms. McFarland was taken to the hospital.
Meanwhile, Officer Lewis chased appellant down the street, through a parking lot, and into an alley. The appellant then lunged at the police car and Officer Lewis fired a shot. The appellant was not hit, but he fell to the ground. As he handcuffed appellant, Officer Lewis noticed some money which appellant had dropped. The money had red stains on it. It was taken as evidence.
The appellant was taken into custody and charged with robbery in the first degree. Later on the day of November 27, 1980, Ms. McFarland identified the appellant in a lineup as her assailant.
The appellant testified that he had driven a friend downtown that night. After he dropped his friend off, his car ran out of gas. He jogged up the street looking for his friend and then went back to his car. At that moment, the police came, backed him into a wall, and subsequently took him into custody. Appellant stated that he had never seen Ms. McFarland before seeing her in court.
Appellant was indicted, tried, and convicted for robbery in the first degree.
The appellant maintains that the indictment is defective because it did not charge that there was a “taking” of property belonging to the victim. He also objects to the phrase “in the course of committing a theft” being used because it encompasses both an attempt to rob as well as actual robbery.
As a general rule, an indictment is sufficient when it correctly follows the language of the statute, provided the statute sets out with definiteness the elements of the offense. Frye v. State, 369 So.2d 892 (Ala.Cr.App.1979); Bowen v. State, 54 Ala.App. 491, 309 So.2d 844, cert. denied, 293 Ala. 746, 309 So.2d 850 (1975). The elements of robbery in the first degree are outlined in § 13A-8-41, Code of Alabama 1975, as follows:
“(a) A person commits the crime of robbery in the first degree if he violates § 13A-8-43 and he:
“(1) Is armed with a deadly weapon or dangerous instrument; or
“(2) Causes serious physical injury to another.”
Section 13A-8-43, cited above, reads as follows:
“(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
“(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
“(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.”
Prior to the adoption of the Alabama Criminal Code, robbery was a common law crime because no statutory definition of robbery existed in Alabama. E.g., Cobern v. State, 273 Ala. 547, 142 So.2d 869 (1962); Young v. State, 347 So.2d 1011 (Ala.Cr.App.1977); Golston v. State, 57 Ala.App. 623, 330 So.2d 446 (1975). At common law, the elements of robbery were: (1) felonious intent; (2) putting in fear of force, as a means of effectuating intent; and (3) by that means, taking and carrying *72 away property of another from his person or presence. E.g., Henderson v. State, 172 Ala. 415, 55 So. 816 (1911); Davis v. State, 401 So.2d 187 (Ala.Cr.App.1981).
 The robbery statutes contained in the criminal code do not contain the “taking and carrying away” language which comprised part of the common law crime of robbery. See Ala.Code §§ 13A-8-40 through 13A-8-44 (1982 Supp.). Although the common law of England was adopted by this State, the Code of Alabama states that it shall remain in force “except as from time to time it may be altered or repealed by the legislature.” Ala.Code § 1-3-1 (1975). The criminal code definition of robbery has thus altered the common law definition. When robbery was made a statutory offense, the test for the sufficiency of a robbery indictment was changed. The indictment is judged by the statutory language and elements instead of the former common law elements. See Frye, supra; Bowen, supra.
The appellant relies on the decision reached by this court in Watson v. State, 389 So.2d 961 (Ala.Cr.App.1980), as support for his contention that an indictment must charge a “taking and carrying away.” Although this decision was released after the Alabama Criminal Code took effect on January 1, 1980, § 13A-1-11 Code of Alabama 1975, the actual offense occurred prior to this date and Watson was therefore tried under the common law as required by the criminal code. Ala.Code § 13A-l-7(c) (1975). Thus, the fact that Watson required a “taking and carrying away” of property lends no support to appellant’s claim that an indictment for robbery, as defined by §§ 13A-8-41 and 13A-8-43, Code of Alabama 1975, must charge a “taking and carrying away” of property.
This court has previously interpreted the “in the course of committing a theft” phrase. Under the criminal code, the separate offense of assault with intent to rob has been combined into robbery. Simmons v. State, 412 So.2d 1239 (Ala.Cr.App.1982); Marvin v. State, 407 So.2d 576 (Ala.Cr.App.1981). The crime of attempted robbery also constitutes robbery under the new criminal code. Petty v. State, 414 So.2d 182 (Ala.Cr.App.1982). The commentary to §§ 13A-8-40 through 13A-8-44, Alabama Code 1975, states that: “The practical effect of this change is to provide an identical penalty range for robbery and assault with intent to rob, which is justified because the conduct is equally dangerous whether or not the theft is technically completed.” The legislature is free to define crimes and provide the ranges of punishment for those crimes. Livingston v. State, 419 So.2d 270 (Ala.Cr.App.1982); State v. Skinner, 20 Ala.App. 204, 101 So. 327 (1924). The appellant’s contention that the phrase is impermissibly broad is without merit. The language of the statute conveys sufficient definite warning as to proscribed conduct when measured by common understanding and practices. Jordan v. State, 411 So.2d 816 (Ala.Cr.App.1981).
The appellant also maintains that the indictment is due to be quashed because it did not state that he took Ms. McFarland’s property “feloniously.” Again, the inclusion of the word “feloniously” was a requirement in the old common law form of indictment. See Ala.Code § 15-8-150(86) (1975). It is not a part of the robbery statutes found in the Alabama Criminal Code. Again, the case relied upon by the appellant to support this claim, Frye, supra, is a pre-criminal code case and is therefore inapplicable. Frye, in fact, goes on to state the general rule regarding indictments for statutory offenses, which we have already addressed. Since the indictment in the instant case substantially followed the language of the robbery statutes, it was sufficient and there is no reason why it should be quashed. Thatch v. State, 432 So.2d 8 (Ala.Cr.App.1983).
The appellant’s second contention is that he was denied the effective assistance of counsel guaranteed him by the Sixth Amendment to the United States Constitution. The first basis for this argument is that appellant’s trial counsel failed to make a motion to quash the indictment *73 on the grounds that it was defective. As we stated earlier, the indictment was sufficient, and therefore there was no reason for appellant’s trial counsel to make such a motion. Thus, there is no merit to this argument.
The next fact that appellant relies on is that his trial counsel failed to object to the introduction into evidence of the money recovered from appellant because of a break in the chain of custody. He maintains that his trial counsel should have raised an objection because there was a period of thirty seconds when the money was out of the sight of Officer Lewis. The State maintains that there was no need for trial counsel to object as there was no real break in the chain and any objection was due to be overruled.
As a general rule, the establishment of a chain of custody is needed to show a reasonable probability that the evidence has not been tampered with. Williams v. State, 375 So.2d 1257 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala.1979); Waters v. State, 360 So.2d 358 (Ala.Cr.App.), cert. denied, 360 So.2d 367 (Ala.1978); Bell v. State, 339 So.2d 96 (Ala.Cr.App.1976).
There is no evidence which would indicate that the money was tampered with in any way. Officer Lewis approached the appellant and saw money lying beside him. He took appellant to his patrol car and immediately went back to the money, where he waited until photographs of the scene were taken by other police officers. He then took custody of the money. The presence of other officers at the scene and the fact that Officer Lewis was away for only thirty seconds indicate that there is no reasonable basis to believe the money had been tampered with.
In Sexton v. State, 346 So.2d 1177 (Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala.1977), we held that:
“To warrant the reception of an object in evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability that the object is the same as, and not substantially different from, the object as it existed at the commencement of the chain.” Sexton at 1180.
See also Dennison v. State, 259 Ala. 424, 66 So.2d 552 (1953); Mullins v. State, 56 Ala.App. 460, 323 So.2d 109 (1975); Jemison v. State, 40 Ala.App. 581, 120 So.2d 748 (1960). It has been shown to a reasonable probability that the money admitted into evidence was in a condition not substantially different from its condition at the commencement of the chain. It was therefore not error for appellant’s trial counsel to fail to object, because the evidence was admissible.
The final basis upon which appellant bases his ineffective assistance of counsel argument is the fact that his trial counsel failed to object to alleged acts of prosecuto-rial misconduct. The alleged acts involved asking defense witnesses on cross examination about rumors of appellant’s prior arrests and the introduction of a photograph of the victim’s battered face.
There was no duty upon appellant’s trial counsel to place an objection to the prosecutor’s questions regarding rumors of appellant’s prior arrests. In these circumstances, the questions were proper. Because the witnesses were asked on direct examination about appellant’s good reputation for both peacefulness and truthfulness, it was proper for the prosecutor on cross examination to question the witnesses about whether they had heard rumors imputing acts of violence to the appellant which occurred prior to the time he was charged with the present offense. Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948); C. Gamble, McElroy’s Alabama Evidence § 27.01(6) (3d ed. 1977). These rumors were relevant to negate the witnesses’ testimony as to appellant’s good reputation for peacefulness.
Appellant also maintains that it was improper to ask him on cross examination if he had in fact been arrested for certain crimes. As a general rule, evidence *74 of separate criminal acts is not admissible. Hinton v. State, 280 Ala. 48, 189 So.2d 849 (1966). However, this issue was first brought up on direct examination. A question in explanation or rebuttal of statements made by a witness on direct examination is proper even if the facts elicited may not have been admissible as independent evidence. Bradley v. Jones, 282 Ala. 331, 211 So.2d 465 (1968); Dean v. State, 54 Ala.App. 270, 307 So.2d 77 (1975). Thus, it was not error for appellant’s trial counsel to fail to object to this line of questioning.
Appellant also maintains that the introduction into evidence of a photograph of victim’s battered face constituted prosecutorial misconduct, and that it was error for his trial counsel not to . object because the photograph served no purpose other than to prejudice the jury. Photographs, if relevant, are admissible as evidence. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973); Hurst v. State, 397 So.2d 203 (Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala.1981); Thigpen v. State, 50 Ala.App. 176, 277 So.2d 922 (1973). The fact that the photograph may be gruesome or inflammatory is insufficient to merit its exclusion. Hurst, supra; Richards v. State, 337 So.2d 171 (Ala.Cr.App.), cert. denied, 337 So.2d 173 (Ala.1976). The photograph was relevant. It tended to show that appellant used force against, and caused serious physical injury to, his victim — an element of the crime of robbery. It was therefore not error for appellant’s trial counsel to fail to place an objection to the admission into evidence of the photograph.
In order to have a criminal conviction reversed because of incompetent counsel, a defendant must show that his representation was only perfunctory, that the conduct of his attorney reduced the trial to a farce, sham, or mockery of justice, or that the representation shocks the conscience of the court. Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973); Bridges v. State, 391 So.2d 1086 (Ala.Cr.App.1980); Lewis v. State, 367 So.2d 542, 546 (Ala.Cr.App.1978), cert. denied, 367 So.2d 547 (Ala.1979).
Based upon our examination of the record, we conclude that appellant’s representation did not fall below this standard. In the absence of a clear showing of improper or inadequate representation, matters of trial strategy will be left to the judgment of trial counsel. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974); Bridges, supra; Goodman v. State, 387 So.2d 862 (Ala.Cr.App.), cert. denied, 387 So.2d 864 (Ala.1980); Taylor v. State, 291 Ala. 756, 287 So.2d 901 (1973).
We have reviewed the entire record and find no reversible error. The judgment of conviction is therefore due to be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH A. COLQUITT, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30(b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.