HARRIS, Judge.
Appellant, Olivettis Woods, was convicted of murder and sentenced to life imprisonment.
On November 3, 1982, appellant and the deceased, George Hill, were involved in an altercation outside a shot-house in Anni-ston, Alabama. Words and blows were exchanged between the two and then appellant shot Hill with a .38 caliber revolver.
At trial, the State’s witness testified that Hill was on the porch of his house attempting to go inside, when appellant shot him in the back. Appellant testified on direct examination that he was backing away from Hill and drew the gun from the rear waistband of his trousers to protect himself.
Appellant testified that he fired once at Hill’s feet, but that it did not deter Hill’s advance. He testified that as he fired the second shot, Hill turned and was struck in the back as he attempted to retreat. Appellant then turned and ran away. Hill was taken to the Northeast Alabama Regional Medical Center where surgery was performed. Hill died during surgery and his body was transported to Birmingham for an autopsy by a pathologist, Dr. Joseph Embry.
Dr. Embry testified at the trial that Hill died as a result of the gunshot wound and that the bullet entered Hill’s back and exited from the front of the body. He stated further that the exit wound was one inch lower than the entrance wound in relation to the abdomen, which could indicate that the bullet was travelling downward through the body. Since the State’s evidence indicated that Hill was on his porch above the street where appellant was standing when the fatal shot struck home, the defense counsel made reference to the trajectory of the bullet during cross-examination of Dr. Embry. Some question was raised as to what Hill’s posture was at the time he was shot.
The first issue on appeal raised by appellant is that the trial court erred in allowing into evidence, State’s Exhibit # 3, a photograph of Hill’s body after surgery had been performed. We disagree.
The photograph was taken after Hill’s death at the Northeast Alabama Regional Medical Center. It was described by Dr. Embry during the trial as showing a large abdominal incision which had been sewn back together, a tube coming out of the stomach, an intravenous catheter going into a vein below the right collarbone, another intravenous catheter in the right elbow, EKG electrodes on the shoulders, two tubes in the deceased’s mouth and a bandage on his left arm.
At trial defense counsel objected to the introduction of State’s Exhibit #3 on grounds that it was prejudicial and had no probative value.
As a general rule, photographs are admissible if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence offered or to be offered. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973); Arthur v. State, 8 Div. 873 (Ala Crim.App.1984); Hopkins v. State, 429 So.2d 1146 (Ala.Crim.App.1983); Thigpen v. State, 50 Ala.App. 176, 277 So.2d 922 (1973).
State’s Exhibit #3 depicted the exit wound on the body in relation to the abdomen. It tended to corroborate the testimony of the pathologist as to the location and character of the wound. Grant v. State, 250 Ala. 164, 33 So.2d 466 (1948); Palmore v. State, 283 Ala. 501, 218 So.2d 830 (1969); Thigpen, supra. Photographs which show a victim’s wounds are admissible in corroboration of a pathologist who describes and details such wounds. Godbolt v. State, 429 So.2d 1131 (Ala.Crim.App.1982); Carpenter v. State, 400 So.2d 417 (Ala.Crim.App.), cert. denied, 400 So.2d 427 (Ala.1981). The record indicates that at trial, Dr. Embry described the wounds, incision and tubes visible in the photograph.
Appellant argues that the only probative value of the photograph was to illustrate the location of the exit wound and that was *294 accomplished by another photograph, State’s Exhibit #4, which was admitted without objection. According to the record, this photograph shows a close-up of the incision without any reference to the abdomen or other region of the body. Apparently the intravenous catheters, tubes and EKG patches, which are not in State’s Exhibit # 4, were the items that made State’s Exhibit # 3 prejudicial in appellant’s opinion. We disagree.
State’s Exhibit # 3 shows the exit wound in relation to the abdomen and is relevant as shedding light on the character and location of the wound and is corroborative of the pathologist’s testimony, even though it was cumulative evidence and there was no dispute as to the location of the wound. Robinson v. State, 342 So.2d 1331 (Ala.Crim.App.1977); Wilson v. State, 31 Ala.App. 21, 11 So.2d 563, cert. denied, 243 Ala. 671, 11 So.2d 568 (1943); Snow v. State, 50 Ala.App. 381, 279 So.2d 552 (1973). This relevance and materiality is also made certain in light of the dispute at trial as to the path of the bullet through the body and the upward or downward angle of the trajectory relative to the location of the deceased at the time he was shot.
By referring to this court’s decision in Cayler v. State, 353 So.2d 8 (Ala.Crim.App.1977), appellant contends that the surgical incision and medical apparatus totally obscured the exit wound and, therefore, the photograph should be inadmissible. But on cross-examination, Dr. Embry testified that the incision did not cut through the exit wound. According to the pathologist, the wound was not obscured.
Appellant’s argument likens State’s Exhibit # 3 to the gruesome photograph in McKee v. State, 33 Ala.App. 171, 31 So.2d 656 (1947). The contention is that the ghastliness of State’s Exhibit #3 is not from the wound itself, but from the surgery performed afterwards. The marks from surgery were sufficiently identified to the jury and distinguished from the wounds caused by the bullet. Where a photograph depicts not only the wound which allegedly caused death, but also depicts a surgical incision, such a photograph is not rendered inadmissible because of the depiction of the incision, where that incision is clearly identified. Hurst v. State, 277 Ala. 686, 174 So.2d 325 (1965); Maness v. State, 57 Ala.App. 431, 329 So.2d 120, cert. denied, 295 Ala. 411, 329 So.2d 126 (1976); Peterson v. State, 350 So.2d 771 (Ala.Crim.App.1977); Voudrie v. State, 387 So.2d 248 (Ala.Crim.App.), cert. denied, 387 So.2d 256 (Ala.1980).
It is settled law in this State that gruesome, even ghastly and unsightly, photographs properly identified and authenticated are admissible if they tend to shed light on, strengthen or illustrate the truth of other testimony. Richardson v. State, 376 So.2d 205 (Ala.Crim.App.1978). Admission of such photographs is within the sound discretion of the trial judge. Washington v. State, 415 So.2d 1175 (Ala.Crim.App.1982); Hurst, supra; Fletcher, supra.
State’s Exhibit # 3 gave the jury a better understanding of the nature and gravity of the deceased’s injuries, and we do not believe the photograph distorted the injuries or misled the jury in any way. We feel the photograph, unsightly as it may be, aided the jury in understanding the location of the wounds and the extent of the injuries inflicted by the gunshot. Goffer v. State, 430 So.2d 896 (Ala.Crim.App.1983).
Courts and juries cannot be too squeamish about looking at unpleasant things, objects or circumstances in proceedings to enforce the law and especially if truth is on trial. The mere fact that an item of evidence is gruesome or revolting, if it sheds light on, strengthens or gives character to other evidence, it should not be excluded. McKee, supra.
The second issue raised by appellant is that the trial court erred in refusing to grant a mistrial, and later in denying a motion for a new trial after the prosecutor intentionally placed inadmissible and highly prejudicial information before the jury. We disagree.
At trial, appellant took the stand to testify in his own behalf. On direct examina *295 tion, he testified that he had been convicted of manslaughter ten years earlier. On cross-examination, the prosecutor asked appellant if he had been convicted of a crime involving moral turpitude. The appellant again admitted he had been. From the record:
“MS. ROBERTS: You were convicted for moral turpitude, manslaughter in the first degree?
“WITNESS: Yes, ma’am.
“MS. ROBERTS: And that charge was—
“MR. HARMON: Judge, I’m going to object to that. It was admitted that he was convicted and the State is not entitled to go into this, the circumstances of this charge.
“THE COURT: Sustained.
“MS. ROBERTS: Let me ask you this. Is this the first time you ever shot anybody?
“MR. HARMON: Judge, may I approach the bench?”
A bench conference was then held outside the presence of the jury. Defense counsel objected to the prosecutor’s going into the details of a prior conviction. The judge sustained the objection and defense counsel moved for a mistrial saying the prosecutor intentionally asked the question and put the information before the jury. The judge denied the motion for a mistrial and immediately instructed the jury:
“THE COURT: All right, Ladies and gentlemen, you should disregard that last question by the Attorney for the State, as to whether or not this person had ever shot anybody. You should disregard that and not consider it in your deliberation. I’ll sustain the objection you had, and you should disregard it.”
Appellant argues that the prosecutor’s objective was not to challenge the credibility of the witness, but instead was to prejudice the jury by putting information before them that he was previously charged with having shot someone and the charge was reduced to manslaughter. Appellant contends that the prejudicial effect was such that a limiting instruction could not overcome it.
When, as here, a trial court immediately charges the jury to disregard improper remarks, there is a prima facie presumption against error. Elmore v. State, 414 So.2d 175 (Ala.Crim.App.1982); Kelley v. State, 405 So.2d 728 (Ala.Crim.App.), cert. denied, 405 So.2d 731 (Ala.1981); Chambers v. State, 382 So.2d 632 (Ala.Crim.App.), cert. denied, 382 So.2d 636 (Ala.1980);" Nix v. State, 370 So.2d 1115 (Ala.Crim.App.), cert. denied, 370 So.2d 1119 (Ala.1979).
Where a trial court acts promptly to impress upon the jury that improper questions are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed. Minor v. State, 402 So.2d 1121 (Ala.Crim.App.1981); Grey v. State, 369 So.2d 889 (Ala.Crim.App.1979); Brown v. State, 366 So.2d 334 (Ala.Crim.App.1978); Woods v. State, 344 So.2d 1225 (Ala.Crim.App.), cert. denied, 344 So.2d 1230 (Ala.1976). Even “inadvertent slips” which are prejudicial to a defendant need not be cause for a mistrial where the judge acts promptly to impress upon the jury that improper statements are not to be considered by them. Richardson v. State, 374 So.2d 433 (Ala.Crim.App.1979); Elmore, supra.
The actions of the trial judge were prompt in this case. The matter was not so prejudicial that it could not be erased from the minds of the jury. In such a case, the right to declare a mistrial rests in the sound discretion of the presiding judge. Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967); Hallman v. State, 36 Ala.App. 592, 61 So.2d 857 (1952); Durden v. State, 394 So.2d 967 (Ala.Crim.App.), writ quashed, 394 So.2d 977 (Ala.1981).
Such action by the trial judge will only be disturbed upon a showing of manifest abuse, and no such abuse is evident in this case. Woods v. State, 367 So.2d 982 (Ala.1978); Shadle, supra; Kennedy v. State, 371 So.2d 464 (Ala.Crim.App.1979); Moore v. State, 49 Ala.App. 408, 272 So.2d 615 (1973).
*296 The entry of a mistrial is not lightly to be undertaken. It should be only a last resort, as in cases of otherwise ineradicable prejudice. Where error is eradicable a mistrial is too drastic and is properly denied. Chillous v. State, 405 So.2d 58 (Ala.Crim.App.1981); Van Antwerp v. State, 358 So.2d 782 (Ala.Crim.App.), cert. denied, 358 So.2d 791 (Ala.1978); Thomas v. Ware, 44 Ala.App. 157, 204 So.2d 501 (1967).
When prejudicial remarks have been made, the trial judge is in a better position than the appellate court to determine whether the remarks were so prejudicial as to be ineradicable. Chambers, supra.
The record supports no finding of abuse of the trial judge’s discretion in overruling the request for a mistrial and denying the motion for a new trial.
We have reviewed the issues in this case as presented by appellant. In addition, we have searched the record for errors injuriously affecting appellant’s substantial rights and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.